KIMBALL
*vs.*
PLANT ET AL.

### KIMBALL *VS.* PLANT ET AL.

APPEAL FROM THE PARISH COURT, FOR THE PARISH AND CITY OF NEW-ORLEANS.

An assignment by a debtor in New-York, of his property in trust, for the benefit of *all his creditors*, wherein *credits* in Louisiana are assigned, cannot defeat an attachment levied on those credits, by even a New-York creditor, *before notice of the assignment to the garnishees.*

An assignment or transfer of debts, rights and claims, takes place by delivery of the titles, but the transferee is only possessed, as respects *third persons*, after *notice has been given of the transfer, to the debtor.*

This is an action on three several promissory notes, executed by the defendants in New-York, the 11th October, 1836, payable in eight, ten and twelve months after date. The suit commenced by attaching property and effects in the hands of Messenger, Chittenden & Bailey, in New-Orleans, belonging to the defendants, the 28th November, 1837, and who were cited as garnishees.

The defendants, by their attorney, appointed by the court to represent them, pleaded a general denial ; and further,

answering, set up an assignment made in New-York, accord-
ing to the laws of that state, of all their goods and property,
for the benefit of all their creditors, and which included the
property attached in Louisiana.　This assignment was made
the 16th of November, 1837, but no notice, it seems, had
been given to any of the garnishees, on the levying of the
attachment.

The trustees, Perkins and Putnam, also intervened, and
claimed the property attached, for the benefit of all the
creditors.　Both plaintiff and defendants reside in New-York.

The parish judge gave judgment for the amount of the
notes sued on, but refused to allow some bills of exchange,
also claimed in the suit, but reserved to the plaintiff the
right to establish these hereafter.　The intervention of the
trustees was dismissed, and they appealed.

*Elmore* and *King* for the plaintiff and appellee, waived an
amendment of the judgment, so as to include the bills, and
prayed to have it affirmed for the amount of the notes
sued on.

*Grivot*, for the defendants, insisted that the court was right
in excluding the bills of exchange, for want of proper
evidence of protest, etc.

2. The laws of New-York should govern, and according to
them, the assignment is good and valid.　*Story's Conflict of
Laws, section* 196–7–8 *and* 200.　11 *Wendell's Reports*, 240.
7 *Peters*, 613.　3 *Martin, Mitchell* vs. *M'Millan.*

*Johnson*, for the intervenors and appellants.　The *lex loci
contractus*, is the law of this case.　The parties are all citizens
of New-York, and the assignment was made there : the
matter in dispute consists of personal property only, and the
law of the state of New-York, must determine the effect of
all contracts made there, touching personal property, no
matter where situated.　2 *Martin, N. S.*, 97.　*Andrews* vs.
*His Creditors*, 11 *Louisiana Reports*, 464.　*Story's Conflict of
Laws, section* 397.　4 *Johnson's Chancery Reports*, 466.　20

*Johnson's Reports,* 267.    16 *Pickering's Reports,* 25.    *Angell on Assignments, page* 65.  · 5 *Mason's Reports,* 174.

2. By the laws of the state of New-York, the assignment is valid, and vested the personal property, wherever situated. All choses in action were immediately transferred by it, and notice to the debtor is not necessary to perfect the transfer, as against attaching creditors.    11 *Wendell,* 200, *et seq.,* 247, 256.    4 *Johnson's Chancery Reports,* 529, *and cases there cited. Story's Conflict of Laws, section* 396.    3 *Russell,* 60.    8 *Wheaton,* 287–8.

It is not necessary that the creditors should be parties, or consent to the assignment.    There are two parties, the assignors and assignees, and the trust to pay the creditors, is a good consideration.    4 *Mason,* 206–214.    11 *Wendell,* 248–50.    2 *Kent's Commentaries,* 532–3.

4. If the judgment dismissing the intervention be sustained, and this court proceed to render judgment against the defendants, the case will still have to be remanded for further proceedings against the garnishees.    No judgment has been given against them by the court below.

*Rost, J.,* delivered the opinion of the court.

The plaintiff, being a citizen of the state of New-York, proceeded by attachment against the defendants, who were at the time a commercial firm established in that state.; a garnishee was cited, and credits to a sufficient amount to satisfy the claim, were attached in his hands, on the 28th of November, 1837.

Subsequently, the defendants came into court, by the counsel appointed to represent them, and for answer, said, that on the 16th November, 1837, they had in the city of New-York, and according to the laws there in force, made a general assignment, in trust, to Dennis Perkins and Robert T. Putnam, both of New-York city, for the benefit of all their creditors, without privilege or preference, and that the plaintiff was cognizant to the assignment, and a party to the proceedings therein, and could not, on that account, main-

tain his action : they, also, pleaded the general issue ; and before trial, the trustees intervened and resisted the plaintiff's claim on the same grounds. The Parish Court gave judgment in favor of the plaintiff, for that part of his claim which was proved, and dismissed his action for the balance. The trustees appealed.

The claims of the plaintiff, not admitted in the court below, were based upon bills of exchange protested in New-York. The court refused to admit the protests, and notices of protests, in evidence, without proof of the signature and seal of the notary ; and, as if we were of opinion that he erred, we would remand the whole case to be proceeded in, according to law. We consider the conditional application of the plaintiff to amend the judgment, as waived ; and the only question which it is necessary to examine, is whether a voluntary assignment, made in New-York, by a commercial firm established there, and wherein credits in Louisiana are assigned, can defeat an attachment sued out by a New-York creditor, and executed upon those credits, before notice of the assignment had been given to the garnishee.

That question is settled by positive law. Articles 2612 and 2613, of the Louisiana Code, provide, that in the transfer of debts, rights and claims to a third person, the delivery takes place between the parties by giving up the title, but that the transferee is only possessed, as it regards third persons, after notice has been given to the debtor of the transfer having taken place.

It is not pretended that the debtor had notice of the assignment, when he was cited as a garnishee ; nor is it shown that the plaintiff was cognizant to the assignment, and a party in the proceedings thereto, when process issued. The assignment, cannot, therefore, affect his rights.

The authorities taken from the common law states, and from England, cannot apply here. We have a fixed rule, which we all understand, and which we must obey. The judgment of the Parish Court is well founded in law, and must be affirmed.

An assignment by a debtor in New-York of his property in trust, for the benefit of all his creditors,whereby credits in Louisiana are assigned, cannot defeat an attachment levied on those credits, by even a New-York creditor, before notice of the assignment to the garnishees.

An assignment or transfer of debts, rights and claims takes place by delivery of the titles, but the transferree is only possessed as respects third persons, after notice has been given of the transfer, to the debtor.

·Eastern Dist.
May, 1839.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Parish Court be affirmed, with costs.