Mospinr, J.
delivered the opinion of the court.
This is an appeal from a judgment rendered on an intervention of Vaulx and Butler, residents of Tennessee, who claim as trustees 138 bales of cotton, attached in this suit as the property of defendants. Judgment was given in favor of the plaintiffs and the intervenors appealed.
They claim under a deed of trust executed in Tennessee by defendants for the benefit of their creditors; by this instrument bearing date the 3d of April, 1840, the defendants convey, make over, assign, &c., to Vaulx and Butler certain property therein described, and among the rest, “ 138 hales of cotton and *356 one hogshead of tobacco shipped to Maunsel White S Go., of New Orleans, or if sold the proceeds thereofthey divide their creditors into seven classes; those of the six first classes are to be paid in full, and those of the seventh and last class are to be paid pro rata out of the residue of the assets in the hands of the trustees. The record shows that the garnishees had notice of this assignment and agreed to hold the property subject to the order of the assignees previous to the levying of plaintiff’s attachment. Had this assignment been an ordinary and absolute bona fide transfer of property in the usual course of business, the right of the interpleaders to recover could hardly be questioned, but we are called upon to give effect to a contract affecting pro perty within this State to the prejudice of its citizens, when by our laws such [691] a contract, if executed here, would be void as made in defraud of creditors. That this assignment was made by defendants in prospect or under circumstances of insolvency, and with a view to distribute their property among some favored creditors according to a plan dictated by themselves, is apparent from the instrument itself. There is no legal evidence before us that such an assignment would be valid by the laws of Tennessee; it would surely be repudiated by the laws of this State, which hold that the property of a debtor is the common pledge of his creditors, and which declare it a fraud in a debtor to give preferences to some creditors over the others. But supposing, as it is asserted, that this contract is perfectly valid in Tennessee, and binding on the creditors and property there, it does not follow that it is to be received and enforced in this State to the injury of creditors, who aro our own citizens. While we recognize the principle that all contracts in re gard to personal property must be regulated by the lex loci of the domicil of the owner, we hold that as relates to the rights and remedies of creditors personal property has a situs or locality; and is to be governed by the law of the country where it is situated, when there arises a conflict between the latter and the former. The principle of comity cannot require of us that we should enforce on property here, to the prejudice of our citizens, a contract void under our'system of jurisprudence. It would be giving unjust advantages to foreign creditors over our own in direct violation of our law. In relation to property within our jurisdiction, we cannot withhold from suitors their legal remedies, or suffer their rights to be controlled or their interests injured by acts of their debtors abroad, not assented to by them and repro bated by our laws. To do this would be, as we have said on a former occa sion, to sacrifice justice to courtesy. Olivier v. Townes, 2 Mart. N. S. 83, Story’s Conflict of Laws, p. 203 ; 2 Kent’s Commentaries, p. 461. It does not clearly appear from the evidence, at what precise time the cotton reached [392] this State; we should conclude from it, however, that it was here even at the date of the deed of trust; at all events it had been received in New Orleans by Maunsel White & Co., before they were notified of the transfer. Moreover from the very terms of the instrument itself it was in the contemplation of the parties to have its effect in this State so far as relates to the property in dispute. It is a well settled rule that where a contract is either expressly or tacitly to be performed in another place than that where it is jnade, its validity is to be governed by the law of the place of performance, *357 Story’s Conflict of Laws, p. 233; 2 Kent’s Oommentaries, pp. 393, 459; Bonllenois, Quest. Contr. des Lois, p. 330. This assignment, then, being by our laws void and without effect, as to plaintiffs, the property attached is as to them yet in defendants. These assignees have acquired by the deed no title in themselves; they might be viewed as the mere agents of defendants to distribute the property according to their instructions; as long as this distribution has not taken place, the plaintiffs who are no parties to the deed are not bound by it, and may legally enforce their claims on such part of the property of their debtor as they find within the State. A case strongly analogous to that before us is to be found in Ingraham v. Geyer, 13 Mass. Beports, 146. It has been held that a voluntary assignment by a debtor of all his property made in Pennsylvania for the benefit of creditors shall not prevail over a subsequent attachment of funds of the debtor, and the ground taken there is that such an assignment would have been void by the laws of Massachusetts if made in that State.
There is, besides, in this assignment a feature which would make us doubt of its validity even by the laws of the country where it was made. It does not purport to convey all the property of the defendants, although they profess to make the transfer for the discharge of all their debts. The property assigned is specified, but no declaration is made that the assignors possess no other; on the contrary one of the clauses of the deed discloses the existence of a valuable tract of land not mentioned in it, and in which A. Patton, [593] one of the assignors, had at least a residuary interest. See Graves & al. v. Roy, 13 La. Reports, 456 ; See also the authorities there quoted.
The judgment of the district court is, therefore, affirmed with costs.