## RICHARDSON et al. *v.* LEAVITT et al.

An assignment of personal property in trust for the payment of particular creditors by pre-
ference, made in another State, under whose laws it was valid, between parties all of whom
reside in that State, the property having been delivered to the assignees by the effect of the
notice of assignment previously served on the garnishees, will protect the property, though
subsequently found in this State, from attachment here at the suit of a creditor who resided
in the State in which the assignment was made, and whose debt was contracted and paya-
ble there. The validity of the assignment must be determined by the laws of the State in
which it was made.

APPEAL by the intervenors from a judgment of the District Court of the
First District, *Buchanan*, J., in the favor of the plaintiffs.

*Elmore* and *W. W. King*, for the plaintiffs. An assignment made in another
State to take effect here, if void by our laws, can have no effect against an at-
taching creditor. Civil Code, art. 10. Story, Confl. of Laws, § 280, 285.
Kent's Com. 393, 459. Boullenois, Quest. Cont. des Lois, p. 330. *Whiston*
v. *Stodder*, 8 Mart. 132. That the assignment is void by the laws of this State,
see Civil Code, arts. 1886, 1963, 1979, 3150. See the authorities cited by
the plaintiffs' counsel in the case of *The United States* v. *Bank of the United
States*, 8 Robinson. See also *Ingraham* v. *Gayer*, 13 Mass. 146. *Blake* v.
*Williams*, 6 Pickering, 307. The case of *Means* v. *Hapgood*, 19 Pic-
kering 105, is not in conflict with the two last cases, the decision resting
on the ground that the assignment was good by the laws of Massachu-
setts. See Story's Confl. of Laws, § 25, 244, 416. *Andrews* v. *Creditors*, 11
La. 474. By the laws of this State, so far as relates to the rights and reme-
dies of creditors, personal property has a *situs*, and is to be governed by the
law of this State when found here, in case of a conflict between our law and
that of the domicil of the owner. Civil Code, arts. 9, 483, 1916, 1917.
*Beirne* v. *Patton*, 17 La. 589.

*T. A. Clarke* and *Cohen*, for the appellants.

The judgment of the court was pronounced by

EUSTIS, C. J.[*] This case arises from the conflicting claims of the plain-
tiffs, who are attaching creditors, and of the intervenors, who assert their right to
the property attached by virtue of an assignment made in their favor by the de-
fendants, in trust for certain creditors. The assignment was made in New York
where all the parties reside ; and the debt on which the attachment was issued,
was contracted and payable in New York. The property included in the as-
signment and sought to be attached by the plaintiffs was personal, and found
within the jurisdiction of the court ; and, before the attachment was served on
the garnishees, was delivered to the assignees, by the effect of the notice of the
assignment, which had been previously served on the garnishees. The debts,
for the payment of which the assignment provided, are not contested ; nor is any
question raised as to the validity or effect of the consignment under the laws of
New York, which are in evidence.

It is contended in argument by the counsel for the plaintiffs that, the assign-

---

[*] SLIDELL, J., having been of counsel, did not sit on the trial of this case.

ment is fraudulent under our laws, and consequently can pass no title to the pro- <span style="float:right">RICHARDSON<br>*v.*<br>LEAVITT.</span> perty attached to the parties intervening; and the question has been argued, whether the validity of the assignment is to be tested by the laws of Louisiana or of New York. The assignment is valid under the laws of New York. It is a contract perfectly lawful between the parties, and the consideration is neither inadequate nor immoral under those laws ; and there is no part of it to which the tribunals of that State would not give effect. It will be observed that this is not a case in which we are called upon to give effect to foreign laws, but, on the ground of the exclusive operation of the laws of Louisiana on the property within its jurisdiction, to invalidate or annul a contract, which has been executed by the delivery of the property, which is the subject of the contract, and which is in all respects lawful and valid by the laws of the domicil of all the parties.

By our laws, the debtor is bound to fulfil his engagement out of all his proper-ty, moveable and immovable, present and future, and the property of the debtor is the common pledge of his creditors. Every creditor has an action to annul any contract made in *fraud* of his rights ; but he has no action to annul con-tracts *not* made in fraud of his rights. The violation of the common pledge, by the undue preference given to the creditors for whose benefit the assignment is made, is the ground on which the plaintiffs base the invalidity of the assign-ment. But by the laws of New York no such pledge exists, and the debtor is permitted to make any preference, by payment in favor of some creditors to the detriment of others. The law of New York is the law of the contract between the plaintiffs and defendants. Under the law of Louisiana the plaintiffs have no action against the assignees, who are in possession under a legal transfer of property which was subject to no pledge, and which the defendants were per-mitted to dispose of in favor of any creditors they might select. To extend the laws of Louisiana to the contract made between these parties in New York, would be to give an extra-territorial application to them, unwarranted by any consideration.

The personal property attached is not the less subject to our laws, on account of this view of the case ; but a case is before us in which, *ex ratione materiæ*, the plaintiffs have no claim on the property assigned to the intervenors. The very basis of such an action is wanting. We consider, therefore, that the plain-tiffs have no right to hold subject to the payment of their debt the property as-signed, and delivered to the intervenors.

It is argued that the assignment cannot be enforced here, because it is against public policy and is contrary to good morals. Both the reasons of policy and of morals rest upon the principle of the common pledge of the property of the debtor to his creditors, which we have before stated, and the inhibitions of its violation by preferences given to one creditor over others. Where there is no pledge these reasons cease to exist, and there can be no complaint where there is no injury.

It is also said that, the giving effect to assignments of this character, may con-flict seriously with the rights of our own citizens. It will not escape remark that, we have confined the decision in this case to the state of facts presented by it, and we wish it to be understood as so limited. Cases presenting different facts, will be determined as they shall be before us. But we must add that, the operation of the laws of States on contracts made within them is sanctioned by the highest authority, and may be considered as settled, and that the rights ac-quired and disabilities incurred under contracts are entirely unaffected by the fact of citizenship. *McCracken* v. *Hayward*, 2 Howard, 612.

RICHARDSON
*v.*
LEAVITT.

The inquiry in this case is, as to the *right* of the plaintiffs. The law of Louisiana cannot have any reasonable application to their contract, made in New York, and there to be executed with the defendants, merchants in that metropolis. The accidental presence of a portion of their personal property, which, in the course of their trade, found its way into Louisiana, cannot be considered as giving the plaintiffs the rights in relation to it, which a creditor would have upon the estate of his debtor under the laws and jurisdiction of this State. *Cessante ratione, cessat et ipsa lex.* The conclusion to which we have come, is in conformity with the uniform course of decision in this State.

The case of *Beirne et al.* v. *Patten,* 17 La. 589, was decided in relation to the rights of the plaintiffs, who were citizens of this State, under contracts made and to be executed in New Orleans.

The judgment appealed from is therefore reversed, and the plaintiffs' petition dismissed, with costs in both courts.