## FERNÁNDEZ ET AL. *v.* AVELLANET ET AL.

### APPEAL from the District Court of Mayagüez.

No. 437.—Decided February 1, 1910.

INTERVENTION.—Any person may, before the trial, intervene in an action or proceeding who has an interest in the matter in litigation, in the success of either of the parties, or an interest against both.

ID.—INTEREST.—The interest mentioned in the Code, which entitles a person to intervene in a suit between other parties, must be in the matter in litigation and of such a direct and immediate character that the intervenor will either gain or lose by the direct legal operation and effect of the judgment. The amount of the interest is immaterial; nor does it matter whether or not the intervenor may protect his interest in some other way. The interest must be made to appear from the intervenor's pleadings.

RIGHTS PENDING DETERMINATION.—Where the right claimed by the intervenor has not been finally determined, he should not be prevented from intervening in a proceeding which will either directly or indirectly affect such right.

The facts are stated in the opinion.

*Mr. José G. Torres* for appellant.

The respondent did not appear.

MR. JUSTICE DEL TORO delivered the opinion of the court.

This is an appeal from an order of the Judge of the District Court of Mayagüez dismissing a certain complaint in intervention.

The facts are the following: Elvira Fernández Blanco and others filed a petition in the District Court of Mayagüez for the division of certain property which they possessed in common with the defendants. Before the trial was held José A. Fernández filed a motion for leave to intervene in the action on behalf of his minor children and, subsequently, he filed a complaint alleging that his said minor children were the owners and possessors of an undivided half interest in the property, the division of which was sought, and opposing such division. And the court, after having heard the parties, made the following order:

"The complaint in intervention filed by José A. Fernández in the name of his minor children and his petition to intervene in this cause

on the ground that his children have an interest in the ownership of
the estate 'Esperanza' having been considered, as well as the opposi-
tion of the parties, represented by Attorneys Horton and Dexter, on
the ground that such interest has been conveyed to the defendant, José
Foix y Molina, by public deeds, and that a complaint filed by José
A. Fernández for the annulment of such deeds had been dismissed by
a judgment of this court, it is held that said complaint in intervention
does not lie."

Intervention is the admission by leave of the court, of a
person who was not originally a party to a legal proceeding
pending, by which admission said person becomes a party to
the said proceeding for the protection of some right or interest
which he alleges to be affected thereby.   (Eng. and Am. Cy.,
vol. 17, p. 180.)

Intervention in judicial proceedings is regulated by the
law of this Island.   Section 72 of the Code of Civil Procedure
in force provides:

"Any person may, before the trial, intervene in an action or pro-
ceeding who has an interest in the matter in litigation, in the success
of either of the parties, or an interest against both.   An intervention
takes place when a third person is permitted to become a party to an
action or proceeding between other persons, either by joining the
plaintiff in claiming what is sought by the complaint, or by uniting
with the defendant in resisting the claims of the plaintiff or by de-
manding anything adversely to both the plaintiff and the defendant,
and is made by complaint, setting forth the grounds upon which the
intervention rests, filed by leave of the court and served upon the
parties to the action or proceeding who have not appeared, and upon
the attorneys of the parties who have appeared, who may answer or
demur to it as if it were an ordinary complaint."

The foregoing article is similar to section 387 of the Code
of Civil Procedure of the State of California and the jurispru-
dence of the Supreme Court of said State commenting on this
section is very full.   We believe it timely to cite some cases in
the orderly and concise form in which they are cited by Pome-
roy in his Annotated California Codes, Civil Procedure, page
133, in speaking of *persons who may intervene:*

"The interest mentioned in the Code which entitles a person to intervene in a suit between other parties 'must be in the matter in litigation, and of such a direct and immediate character that the intervenor will either gain or lose by the direct legal operation and effect of the judgment': *Horn* v. *Volcano Water Co.*, 13 Cal., 62; 73 Am. Dec. 569. (See also, *Gasquet* v. *Johnson*, 1 La. Ann., 431.) The amount of the interest is immaterial: *Coffey* v. *Greenfield*, 55 Cal., 382. The interest must be made to appear from the intervenor's pleadings by proper allegation: *Coffey* v. *Greenfield*, 62 Cal., 602."

The intervenor alleged under oath in this specifiec case that his minor children were owners and possessors of an undivided half interest in the property, the division of which was sought, and the allegation having been made in this form his right to intervene is *prima facie* clear.

The fact of a court granting leave to a person not a party to the proceedings to intervene therein does not mean that the court decides the case in favor of such person. The outsider alleges that he has an interest in the proceedings; it appears from his allegations that he has such interest and the court grants him intervention in the proceedings at the stage they may have reached and the outsider becomes, from that moment, a party with rights and obligations equal to those of the other parties to the proceedings.

It does not appear that any evidence was heard and the judge of the district court set forth in the order appealed from, as a ground therefor, that the parties had opposed the intervention for the reason that the interest in the ownership to which the intervenor referred had been conveyed to the defendant, José Foix Molina, by public deeds, and that a complaint filed by José A. Fernández, for the annulment of such deeds, had been dismissed by said District Court of Mayagüez.

If this judgment had been acquiesced in or affirmed, the order denying the intervention would be proper; but as an appeal was taken therefrom and the appeal is still pending in this Supreme Court, the right which José A. Fernández alleges his minor children to have had not been finally decided

when the order appealed from was made, nor has it been as yet decided, said minors must be permitted to intervene in any proceedings affecting such right.

The order appealed from should be set aside and the case returned to the court of origin in order that it may hear and determine it in accordance with this opinion.

*Reversed.*

Chief Justice Hernández and Justices Figueras and Mac-Leary concurred.

Mr. Justice Wolf dissented.