LAND, Justice.
 

 The Harry B. Loeb Piano Company, Inc., now in liquidation, was a Louisiana corporation domiciled in the city of New Orleans, and there engaged in the sale of radios and musical instruments.
 

 When-a sale was made on time, a contract, styled a lease, was entered into by the late company and its local customer.
 

 The corporation, through its officers, would make up lists of these contracts and forward them to the Bankers’ Commercial Security Company, a New York concern, with an offer to sell.
 

 The Bankers’ Commercial Security Company would accept some of these contracts and reject others, and sign a document intended as an assignment and transfer of the claim, and remit by cheek or money order the amount of the purchase price.
 

 The Bankers’ Commercial Security Company of New York has filed its opposition to the first provisional account of the liquidators of the late Loeb Piano Corporation, in which the liquidators propose to distribute the cash which has come into their hands from collections on these contracts, opponent being recognized in the account as an ordinary creditor in the sum of $11,552.31.
 

 Opponent contends in its opposition that, as assignee of these contracts, the rights of the late Loeb Piano Company under its contracts with the persons that dealt with it, vested in opponent, and passed out of the dissolved corporation and never went into the hands of its liquidators.
 

 The lower court held that the failure of the Bankers’ Commercial Security Company of New York to notify the debtors of the assignments was fatal to its claim of ownership of the contracts under the assignments made, rejected opponent’s demand to be declared owner of the' contracts alleged to have been purchased by it from the Harry B. Loeb Piano Company, to be declared entitled to all the funds in the possession of the liquidators collected on account of these contracts, and to order the liquidators to account for all moneys collected on these contracts prior to their appointment.
 

 Prom this judgment, opponent has appealed.
 

 1. The provisions of our Civil Code as to the assignment or transfer of credits and other incorporeal rights are as follows:
 

 
 *923
 
 Article 2642: “In- the transfer of credits, rights or claims to- a third person, the delivery takes place between the transferrer and transferree by the giving of the title.”
 

 Article 2648: “The transferree is only possessed, as it regards third persons, after notice has been given to the debtor of the transfer having taken place.
 

 “The transferree may nevertheless become possessed by the acceptance of the transfer by the debtor in an authentic act.”
 

 A similar requirement exists as to pledges of credits. Article 3158 of the Civil Code requires that: “If a credit not negotiable be given in pledge, notice of the same must be given to the debtor.”
 

 The evidence before us shows that the debtors in New Orleans of the late Loeb Piano Corporation were never notified of the assignments alleged to have been made by that corporation to the opponent, the Bankers’ Commercial Security Company of New York, which is attempting to enforce these assignments in the courts of this state, to the prejudice of creditors who are citizens of this state.
 

 Under the law of Louisiana, the assignments attempted herein are clearly invalid, since notice to the debtors had not been given, and, consequently, as to third persons, the' creditors of the late Loeb Piano Corporation, no transfer was made.
 

 As said by this court in Badnal v. Moore, 9 Mart. (O. S.) 403: “It has been settled, by a series of decisions in this court, that there must be delivery of the thing sold, as well as a contract of sale, to enable the vendee to resist, with success, the claim of a creditor, who may levy an attachment on it; and that, whether the parties contracted out of this state or within its limits.
 

 “The same principle must govern the cession of a debt, as our statute provides, ‘that the transferee is only possessed as it regards third persons, after notice has been given to the debtor of the transfer having taken place.’ Civ. Code, 368, art. 122.
 

 “Applying this law to the case before the court there is no evidence that the debtor was notified anterior to the levying of the attachment of the transfer made in Pennsylvania; consequently, as to third persons, no transfer was made.”
 

 It is immaterial whether the assignments in this casé were executed in the state of New York, and are valid under the laws of that state, without notice to the debtors, as contended by opponent.
 

 In Beirne & Burnside v. Patton, 17 La. 591, it is said: “But supposing, as it is asserted, that this contract is perfectly valid in Tennessee and binding on the creditors and property there, it does not follow that it is to be received and enforced in this State to the injury of creditors, who are our own citizens. While we recognize the principle that all contracts in regard to personal property must be regulated by the lex loci of the domicil of the owner, we hold that as relates to the rights and remedies of creditors, personal property has a situs or locality; and is to be governed by the law of the country where it is situated, When there arises a conflict between the latter and the former. The principle of comity cannot require of us that we should enforce on property here, to the prejudice of our citizens, a contract void under our system of jurisprudence. It would be giving unjust advantages
 
 *925
 
 to foreign creditors over onr own in direct violation of our law. In relation to property within our jurisdiction, we cannot withhold from suitors their legal remedies, or suffer their rights to be controlled or their interests injured by acts of their debtors abroad, not assented to by them and reprobated by our laws. To do this would be, as we have said on a former occasion, to sacrifice justice to courtesy; Olivier v. Townes, 2 Mart. (N. S.) 93; Story’s Conflict of Laws, page 203; 2 Kent’s Commentaries, page 461.”
 

 We find no error in the judgment of the lower court
 

 Judgment affirmed.