### HELIS v. VALLEE et al.

No. 264.

District Court, E. D. Louisiana, New Orleans Division.

Aug. 9, 1940.

Cobb & Saunders and Morris Wright, all of New Orleans, La. for complainant Wm. Helis.

Sam G. Croom, of Houston, Tex., for W. D. Gordon.

St. Clair Adams & Son and St. Clair Adams, Jr., all of New Orleans, La., for defendants.

BORAH, District Judge.

This cause came on May 2nd, 1940, to be heard on motion of William Helis, complainant, for a writ of injunction against the defendants, to restrain them, and each of them, from commencing, continuing or prosecuting any action in any court whatsoever, whether in the State of Louisiana or elsewhere, against complainant, pending a disposition by this Court of this interpleader suit; also on motion filed by W. D. Gordon, defendant, to dismiss the interpleader for want of jurisdiction and to order the clerk of court to pay him as attorney of record for Y. D. Spell in cause number 292 (in equity), the sum of seven thousand five hundred ($7,500) dollars deposited with the clerk of court in this interpleader suit by William Helis; also on motion of W. D. Gordon, defendant, for a summary judgment under Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c; also on motion of Cecil E. Vallee, E. H. Vallee, Mrs. Effie Vallee Albaugh and Mrs. Helen Vallee Withers, doing business in the firm name of Union City Transfer, for a summary judgment under Rule 56 of the Federal Rules of Civil Procedure, also on motion of B. Sampson, M. Sampson and J. L. Eisen, partners, doing business in the firm name of Sampson's Iron & Supply Company, for a summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

Whereupon, after hearing arguments of counsel for the respective parties, the matter was taken under advisement, and, now, considering the pleadings, evidence and affidavits on file, the Court being of the opinion that there is no genuine issue as to any material fact, and that Cecil E. Vallee, E. H. Vallee, Mrs. Effie Vallee Albaugh and Mrs. Helen Vallee Withers, doing business in the firm name of Union City Transfer, and B. Sampson, M. Sampson and J. L. Eisen, partners doing business in the firm name of Sampson's Iron & Supply Company, are entitled to judgment, as prayed for in their motions for summary judgments, as a matter of law; and that the motion of W. D. Gordon that the interpleader be dismissed for want of jurisdiction is not well founded in law, and should be refused, and that the motion of W. D. Gordon for a summary judgment is not well founded in law and should be refused; and that the motion of complainant for a writ of injunction is not necessary for the protection of complainant because this decree will dispose of all issues between the parties; does hereby make the following special finding of facts and conclusions of law:

## Findings of Fact

The complainant is a resident of the Parish of Orleans and a citizen of the State of Louisiana. The defendants, and all of them, are residents of the County of Jefferson and citizens of the State of Texas.

On February 9th, 1940, in the proceedings entitled "William Helis v. Mrs. Itasca Kinney Ward, Executrix of the Estate of Bryan Ward, deceased, et als.", number 292 (in equity) of the docket of this Court, a decree was entered against William Helis, complainant herein, directing the entry of judgment against William Helis in favor of Y. D. Spell in the sum of forty thousand four hundred ninety-one and 88/100 ($40,491.88) dollars.

Cecil E. Vallee, E. H. Vallee, Mrs. Effie Vallee Albaugh and Mrs. Helen Vallee Withers, doing business in the firm name of Union City Transfer, entered suit against Y. D. Spell in the Civil District Court for the Parish of Orleans, State of Louisiana, on April 25th, 1939, seeking the recognition of a money judgment rendered in the State of Texas against said Y. D. Spell in the amount of four thousand four hundred ninety-one and 91/100 ($4,-491.91) dollars, together with interest at the rate of eight per cent. per annum from January 9th, 1939, until paid. The suit was founded on a writ of attachment under which William Helis, complainant, was made garnishee, and the interests of Y. D. Spell in the proceedings number 292 (in equity) of this Court were attached, garnished and seized. The garnishment, attachment and seizure was served on complainant on April 25th, 1939. In due course, and on October 10, 1939, judgment was rendered and after legal delays, signed on October 16th, 1939, in suit number 230—655 of the docket of the Civil District Court for the Parish of Orleans, State of Louisiana, giving full faith and credit to the judgment previously rendered by the District Court of Jefferson County, Texas, in the case entitled "Cecil E. Vallee et als., d/b/a Union City Transfer, v. Y. D. Spell", number 53,733 of the docket of the District Court of Jefferson County, Texas, and making said judgment the judgment of the Civil District Court for the Parish of Orleans, State of Louisiana. The judgment furthermore maintained the writ of attachment and garnishment, and reserved to Cecil E. Vallee, E. H. Vallee, Mrs. Effie Vallee Albaugh and Mrs. Helen Vallee Withers, doing business in the firm name of Union City Transfer, the right to obtain, at the proper time, an order directing William Helis, garnishee, to pay the amount due under the judgment, in preference over the claims of all other creditors of said Y. D. Spell, defendant. Thereafter, on February 29, 1940, the following order was signed by Harold A. Moise, Judge of Division "C" of the Civil District Court for the Parish of Orleans, State of Louisiana: "It is ordered, adjudged and decreed, that the lien and privilege resulting from the attachment and garnishment heretofore recognized by this Court, be maintained, and judgment entered against William Helis and in favor of Cecil E. Vallee, E. H. Vallee, Mrs. Effie Vallee Albaugh and Mrs. Helen Vallee Withers, ordering said William Helis, garnishee, to pay to said plaintiffs the amount of Four Thousand Four Hundred Ninety-one and 91/100 ($4,491.91) Dollars, together with interest at the rate of eight per cent. per annum from January 9, 1939, and costs incurred in these proceedings in the amount of Ninety-five and 10/100 ($95.10) Dollars, in preference over the claims of all other creditors of Y. D. Spell."

William Helis, on March 5, 1940, filed a motion in said proceeding to vacate the order of February 29th, 1940, on the ground that said order was ex parte and improvidently issued for the reason that there had been no hearing upon the answer of the garnishee, nor had such answer been traversed. This latter motion has never been brought to trial because of the pendency of this interpleader suit.

B. Sampson, M. Sampson and J. L. Eisen, partners doing business in the firm name of Sampson's Iron & Supply Company, entered suit against Y. D. Spell in the Civil District Court for the Parish of Orleans, State of Louisiana, on April 25, 1939, seeking the recognition of a money judgment rendered in the State of Texas against said Y. D. Spell in the amount of one thousand two hundred twenty and 93/100 ($1,220.93) dollars, together with interest at the rate of six per cent. per annum from December 31, 1938, until paid. The suit was founded on a writ of attachment under which William Helis, complainant, was made garnishee, and the interests of Y. D. Spell in the proceedings number 292 (in equity) of this Court were

attached, garnished and seized. The garnishment, attachment and seizure was served on complainant on April 25, 1939. In due.course, and on June 21, 1939, judgment was rendered and, after legal delays, signed on June 27, 1939, in suit number 230—656 of the docket of the Civil District Court for the Parish of Orleans, State of Louisiana, giving full faith and credit to the judgment previously rendered by the District Court of Jefferson County, Texas, in the case entitled "B. Sampson et al. v. Y. D. Spell", number 53,799 of the docket of the District Court of Jefferson County, Texas, and making said judgment the judgment of the Civil District Court for the Parish of Orleans, State of Louisiana. The judgment furthermore maintained the writ of attachment and garnishment, and reserved to B. Sampson, M. Sampson and J. L. Eisen, partners doing business in the firm name of Sampson's Iron & Supply Company, the right to obtain, at the proper time, an order directing William Helis, garnishee, to pay the amount due under the judgment, in preference over the claims of all other creditors of said Y. D. Spell, defendant. Thereafter, on February 29th, 1940, the following order was signed by William H. Byrnes, Jr., Judge of Division "E" of the Civil District Court for the Parish of Orleans, State of Louisiana: "It is ordered, adjudged and decreed, that the lien and privilege resulting from the attachment and garnishment heretofore recognized by this Court, be maintained, and judgment entered against William Helis and in favor of B. Sampson, M. Sampson and J. L. Eisen, partners, doing business in the firm name of Sampson's Iron & Supply Company, ordering said William Helis, garnishee, to pay to said plaintiffs the amount of One Thousand Two Hundred Twenty and 93/100 ($1,220.93) Dollars, together with interest at the rate of six per cent. per annum from December 31, 1938, and costs incurred in these proceedings, in the amount of Seventy and 60/100 ($70.60) Dollars, in preference over the claims of all other creditors of Y. D. Spell."

William Helis, on March 5, 1940, filed a motion in said proceeding to vacate the order of February 29th, 1940, on the ground that said order was ex parte and improvidently issued for the reason that there had been no hearing upon the answer of the garnishee, nor had such answer been traversed. This latter motion has never been brought to trial because of the pendency of this interpleader suit.

On April 28, 1939, W. D. Gordon filed an intervention in the proceedings number 292 (in equity) of this Court, to which was attached an assignment and transfer from Y. D. Spell to W. D. Gordon, dated February 13, 1939, covering all of said Spell's remaining right, title and interest in and to the claim then being asserted in proceedings number 292 (in equity) which was then pending in the United States Circuit Court of Appeals for the Fifth Circuit, under the docket number 8275 of said Court. Complainant was given no notice and had no knowledge of the assignment by Y. D. Spell to W. D. Gordon until receiving a copy of the intervention and assignment by delivery of a copy thereof by mail on April 28th, 1939.

On February 9th, 1940, the intervention by W. D. Gordon, above referred to, was voluntarily dismissed.

That considering the conflicting claims, complainant has deposited into the registry of this Court the sum of seven thousand five hundred ($7,500) dollars to abide the further order and judgment of this Court.

That Y. D. Spell, defendant, has filed in this proceeding a declaration disclaiming any interest whatsoever in the disposition of the amount of seven thousand five hundred ($7,500) dollars deposited as aforesaid in the registry of this Court.

### Conclusions of Law

■ This Court has jurisdiction, as there is diversity of citizenship and the amount in controversy is in excess of three thousand dollars. The suit is properly brought under Rule 22 of the Federal Rules of Civil Procedure. The motion to dismiss on the ground that the Court is without jurisdiction should therefore be refused.

■ The defendant, Y. D. Spell, has filed a declaration disclaiming any interest in the funds deposited in Court, and, therefore, has no further interest or legal standing in this interpleader suit.

■ In view of the fact that this decree and the summary judgment predicated thereon will dispose of all issues between the parties, it is the Court's opinion that complainant does not need an injunction for his protection, and therefore the motion for a writ of injunction is refused.

The Court having found as a fact that the garnishments of Cecil E. Vallee, E. H. Vallee, Mrs. Effie Vallee Albaugh and Mrs. Helen Vallee Withers, doing business in the firm name of Union City Transfer, and B. Sampson, M. Sampson and J. L. Eisen, partners doing business in the firm name of Sampson's Iron & Supply Company, were served on complainant on April 25, 1939, and that there was no notice, and complainant did not have any knowledge of the assignment by Y. D. Spell to W. D. Gordon, dated February 13, 1939, until April 28, 1939, is of the opinion that Cecil E. Vallee, E. H. Vallee, Mrs. Effie Vallee Albaugh and Mrs. Helen Vallee Withers, doing business in the firm name of Union City Transfer, and B. Sampson, M. Sampson and J. L. Eisen, partners doing business in the firm name of Sampson's Iron & Supply Company, are entitled to summary judgments as prayed for in their motions. Under the Civil Code of Louisiana, Article 2643, the transferee is only possessed as it regards third persons, after notice has been given to the debtor of the transfer having taken place. This article of the Civil Code has been interpreted by the Supreme Court of Louisiana in the case of Kimball v. Plant et al., 14 La. 10, wherein it was held that an assignment by a debtor in New York of his property in trust, for the benefit of all his creditors, wherein credits in Louisiana are assigned, cannot defeat an attachment levied on those credits, by even a New York creditor, before notice of the assignment to the garnishees. In the later case of In re Loeb Piano Company, Inc., 178 La. 920, 152 So. 565, the Supreme Court of Louisiana held that assignments for value of installment sales contracts by a local dealer to a New York corporation were invalid where buyers were not notified by the assignee, regardless of the fact that the assignments were executed in New York and were valid there without notice. The Court has also taken into consideration the cases of Beirne and Burnside v. Patton, 17 La. 589, 591, and Badnal v. Moore, 9 Mart., O.S., 403, cited with approval by the Supreme Court in the Loeb Piano Company, Inc., case, supra. The Court having reached the foregoing conclusion, it is also of the opinion that the motion for summary judgment filed by W. D. Gordon should be refused.

In view of the declaration filed by Y. D. Spell admitting the transfer of his interest to W. D. Gordon, and disclaiming any interest in the disposition of the amount deposited in the registry of the Court, it is the opinion of the Court that any balance of the amount of seven thousand five hundred ($7,500) dollars so deposited, after all payments have been made by the clerk, as directed in this decree, should be turned over to W. D. Gordon.

Complainant, having deposited the sum of seven thousand five hundred ($7,500) dollars in Court, is entitled to be discharged of and from any and all claims of or liability to any and all of the parties made defendants herein in relation to the said sum of money or any part thereof, and should be allowed out of said sum of seven thousand five hundred ($7,500) dollars his costs, including the sum of seventy-five ($75) dollars as solicitor's fees, and the clerk is directed to enter judgment accordingly.

The clerk is further directed to enter judgment in favor of Cecil E. Vallee, E. H. Vallee, Mrs. Effie Vallee Albaugh and Mrs. Helen Vallee Withers, doing business in the firm name of Union City Transfer, as prayed for in the motion for summary judgment, and to pay said Cecil E. Vallee, E. H. Vallee, Mrs. Effie Vallee Albaugh and Mrs. Helen Vallee Withers, doing business in the firm name of Union City Transfer, out of the amount deposited in the registry of the Court, the sum of four thousand four hundred ninety-one and 91/100 ($4,491.91) dollars, together with interest at the rate of eight per cent. per annum from January 9th, 1939, and the further sum of ninety-five and 10/100 ($95.10) dollars, together with all costs of suit.

The Clerk is further directed to enter judgment in favor of B. Sampson, M. Sampson and J. L. Eisen, partners doing business in the firm name of Sampson's Iron & Supply Company, as prayed for in the motion for summary judgment, and to pay said B. Sampson, M. Sampson and J. L. Eisen, partners doing business in the firm name of Sampson's Iron & Supply Company, out of the amount deposited in the registry of the Court, the sum of one thousand two hundred twenty and 93/100 ($1,220.93) dollars, together with interest at the rate of six per cent. per annum from December 31, 1938, and the further

sum of seventy and 60/100 ($70.60) dollars, together with all costs of suit.

The clerk is further directed to pay W. D. Gordon the balance remaining of the deposit of seven thousand five hundred ($7,500) dollars, after all other payments, as above directed, have been made.

The clerk is further directed to enter judgment refusing the motion of William Helis, complainant, for a writ of injunction, refusing the motion of W. D. Gordon to dismiss the interpleader suit for want of jurisdiction, and refusing the motion of W. D. Gordon for a summary judgment.