### GORDON v. VALLEE et al.

No. 9685.

Circuit Court of Appeals, Fifth Circuit.

April 23, 1941.

Rehearing Denied May 31, 1941.

C. W. Croom and Sam G. Croom, both of Houston, Tex., for appellant.

St. Clair Adams, Jr., of New Orleans, La., for appellees.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

HUTCHESON, Circuit Judge.

To protect himself against paying twice, upon the conflicting claims of garnishors[1] on the one hand, and an assignee[2] on the other, all citizens of Texas, a debt he owed to one Spell, also a citizen of Texas, Helis, a citizen of Louisiana, filed a bill of interpleader, making the conflicting claimants parties, and tendered and paid into court, a sum sufficient to cover the conflicting claims. The claim of the garnishors was: that as judgment creditors in Texas of Spell, they had sued in the Civil District Courts of the Parish of Orleans, for, and on April 25, 1939, had served on Helis in Louisiana, writs of garnishment in aid of writs of attachment; that on January 22, 1940, subsequent to the rendition in Louisiana of judgments giving full faith and credit to the Texas judgments, orders were entered in the garnishment suits, directing Helis to pay to the plaintiffs therein, the amounts of such judgments, to-wit: $4,491.-91 to Vallee, et al., $1,220.93 to Sampson, et al., with interest, and that these garnishments, having been run before Helis had notice of the assignment to Gordon, primed the assignment. The assignee admitting that Helis did not have notice of the assignment until after writ of garnishment had been run, insisted that the assignment having been given in Texas, where notice to the debtor is not necessary to its validity, before the garnishment had been run, the assignment must be held to prime the garnishment.

The District Judge found that the complainant was a resident of the Parish of Orleans and a citizen of Louisiana, the defendants, residents of Jefferson County, Texas; that the assignment was made before the garnishments were run, but the garnishments were run on Helis in Louisiana before he had notice of the assignment. He concluded that the law of Louisiana and not that of Texas ruled the rights of the parties; that under Louisiana law a garnishment run before notice of an assignment primes the assignment and that the garnishment having been run before Helis had notice of the assignment, it and the judgment on it was valid and binding upon him and must be discharged, out of the debt, ahead of the assignment.

Here, appellant vigorously urges that because the creditor and the assignee lived and the assignment was made, in Texas, the case is ruled by the law of Texas, which does not require notice of an assignment, rather than by the law of Louisiana which does. This argument is based on two contentions, one, that the law of Louisiana, while conditioning the validity of an assignment of a debt made in, and by, and to, citizens of Louisiana, upon notice to the debtor, does not hold invalid as against its public policy, an assignment validly made without notice in another state by and to a citizen of that state.

A careful examination of the questions raised in the light of the governing authorities, leaves us in no doubt that the District Judge was right, in his conclusions, that under the law of Louisiana, the assignment was ineffective for want of notice when the garnishments were run, that the garnishments therefore primed the assignment,[3] and, that he was bound to give effect to the judgments entered against Helis in the garnishment proceedings. In Armour Fertilizer Works v. Sanders, 5 Cir., 63 F.2d 902, affirmed Sanders v. Armour Fertilizer Works, 292 U.S. 190, 191, 54 S.Ct. 677, 78 L.Ed. 1206, 91 A.L.R. 950, a case much stronger for appellant than this one, where the interpleader had been

---

[1] Both garnishments were sued out in Louisiana by citizens of Texas on judgments obtained in Texas. Vallee, et al., was one set of garnishors; B. Sampson, et al., was another set.

[2] W. D. Gordon.

[3] Revised Civil Code of Louisiana, Articles 2642, 2643; Act 220 of 1932; Kim-

ball v. Plant, 14 La. 10; Strudwick Funeral Home v. Liberty Industrial Life Ins. Co., La.App., 176 So. 679; Jackson State Nat. Bank v. Merchants' Bank & Trust Co., 177 La. 975, 149 So. 539; Chicago, R. I. & P. R. Co. v. Sturm, 174 U.S. 710, 19 S.Ct. 797, 43 L.Ed. 1144; Green v. Van Buskirk, 5 Wall. 307, 18 L.Ed. 599.

filed in Texas and the garnishment in Illinois, it was held that the law of the state of the garnishment controlled the law of the forum. The dissenting opinions in both courts unavailingly urged that the law of the forum should prevail over the law of the state of garnishment because at the trial of the bill of interpleader the garnishment proceedings had not gone to judgment.

Here the forum of both bill of interpleader and garnishment is the same and when the interpleader was tried, final judgments had been taken against Helis in the garnishment suits.

It is quite plain under the authority of Sanders' case and of many others cited by appellee,[4] that the judgment was right and must be affirmed.

[4] Constitution of the United States, Article 4, Sec. 1; Huron Holding Corp. v. Lincoln Mine Operating Co., 61 S.Ct. 513, 85 L.Ed. ——; Bainbridge v. Clay, La., 4 Mart.,N.S., 56; Carlin v. Durmartrait, La., 5 Mart.,N.S., 20; Thomas v. Callihan's Heirs, La., 6 Mart.,N.S., 329; Andrews v. Dackerson, La., 8 Mart.,N.S., 205; Badnal v. Moore, La., 9 Mart.,O.S., 403; Copley v. Dowell, 1 Rob., La., 26; Beirne v. Patton, 17 La. 589; Burton v. Brewer, 7 La.Ann. 620; In re Loeb Piano Co., Inc., 178 La. 920, 152 So. 565; 15 Corpus Juris Secundum, Conflict of Laws § 18(2), p. 931.