CULPEPPER, Judge.
Fritz J. Muller instituted the instant proceeding seeking a mandamus directed to the Clerk of Court for the Parish of Acadia, ordering him to expunge from his records a supplemental and amending petition filed' by Jack A. Hayes and Milton-PI. Knox in another suit bearing No. 20944 entitled. “Jack A. Hayes, et al. v. Fritz J. Muller”, wards, Crowley, Liskow & Lewis, Lafayette In addition, Muller seeks in the instant proceeding an injunction to restrain Hayes and Knox, and the clerk of court, from proceeding further in the other suit. The basis of Muller’s request for such mandamus and injunction is that the other suit, sought to be amended, has been dismissed by final judgment of the Supreme Court of Louisiana. (See Hayes v. Muller, 245 La. 356, 158 So.2d 191.) In the present case the district court denied the mandamus and injunction, dismissed this suit and awarded1 respondents $750 attorney’s fees. From this judgment relator was granted a suspen-sive appeal but was refused a stay order in-Suit No. 20944. On application of relator we granted a writ of certiorari with stay order.
*923 The general facts are as follows: Civil Action No. 20944 was filed by respondents, Hayes and Knox, against relator, Muller, in the Fifteenth Judicial District Court on June 4, 1960. This was a suit for the enforcement of an oral contract of joint adventure regarding certain mineral leases. ‘On November 12, 1963, the Supreme Court •of Louisiana, on rehearing, rendered judgment in favor of relator, Muller, and against the respondents, Hayes and Knox, sustaining an exception of no cause of action and dismissing Civil Action 20944, but reserving to respondents, Hayes and Knox, the right to apply for a second rehearing. In their application for a second hearing, respondents Hayes and Knox prayed in the alternative that the case not be dismissed 'but be remanded to the district court in order to allow amendment of their petition.
On December 16, 1963, the Supreme Court ■denied unconditionally respondent’s application for second rehearing and dismissed •said Civil Action No. 20944.
On December 23, 1963, respondents, Hayes and Knox, without leave of court, filed with the Clerk of Court of Acadia Parish a supplemental and amending petition in said Suit No. 20944, alleging for the first time a cause of action on the basis of quantum meruit or quasi contract.
Instead of filing an exception or other responsive pleading in Civil Action 20944 to said supplemental petition, the relator, Muller, filed the instant separate proceeding for mandamus and injunction.
As the district judge correctly pointed out: “The primary question to be considered by this court is whether or not a party can be enjoined from prosecuting suit. For if such a proceeding is improper, injunctive relief must be denied, notwithstanding the merits vel non of defendant’s supplemental and amending petition or their right to file same.”
Relator Muller concedes the general rule, established in our jurisprudence, that proceedings in a pending suit cannot be enjoined in a separate action. Kuhn v. Breard, 151 La. 546, 92 So. 52; Schumert-Warfield-Buja, Inc. v. Buie, et al., 148 La. 726, 87 So. 726; Devron v. First Municipality, 4 La.Ann. 11; Helis v. Vallee, D.C., 34 F.Supp. 467, affirmed in Gordon v. Vallee, 5 Cir., 119 F.2d 118. However, respondent Muller contends that this suit presents an exception to the general rule for the reason that Civil Action 20944 has been dismissed unconditionally by final judgment of our Supreme Court and has ceased to exist; and that relator could not have pleaded in that suit without joining respondents in openly flouting the mandate and judgment of the Supreme Court of Louisiana. Relator argues that his joinder in Civil Action 20944 would have afforded respondents a basis to argue that relator, by appearing in that action, recognized its existence.
We cannot agree with this contention. Certainly the relator, Muller, could have filed in Civil Action 20944 an exception of res judicata or any other pleading he saw fit in opposition to the supplemental petition without necessarily being estopped to deny the existence of that suit.
We wish to make it perfectly clear we hold only that the instant proceeding for mandamus and injunction is improper and must be dismissed. We do not intend to rule on the merits vel non of defendants’ supplemental petition or any exception of res judicata or other pleadings which relator Muller might file in Civil Suit No. 20944.
In view of our holding that mandamus and injunction are unavailable to relator in this situation, it is unnecessary to discuss the case of Pontchartrain Park Homes, Inc. v. Sewerage and Water Board, 246 La. 893, 168 So.2d 595 relied on by relator. That case involved a collateral attack in a separate proceeding on a previously rendered final judgment. It did not involve an attempt to enjoin proceedings in another suit.
*924 For the reasons assigned the writ of cer-tiorari and stay order heretofore issued by us in this proceeding are recalled and the judgment of the district court is affirmed.
Writ of certiorari and stay order recalled and judgment affirmed.