**AMOCO PRODUCTION COMPANY,**
**Plaintiff,**

v.

**ASPEN GROUP, Floyd R. Hester, Carol B. Hester, and United States of America, Defendants.**

Civ.A. No. 97–B–2630.

United States District Court, D. Colorado.

March 30, 1999.

John R. Riley, Montgomery Little & McGrew, P.C., Englewood, CO, for plaintiff.

Floyd R. Hester, Carol B. Hester, Durango, CO, pro se.

Arthur P. Yoon, Trial Attorney, Tax Division, U.S. Department of Justice, Washington, DC, for defendant U.S.A.

### ORDER

BABCOCK, District Judge.

Defendants, Floyd Hester and Carol Hester (collectively, "the Hesters"), move to dismiss the interpleader complaint against them for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6). The motion is adequately briefed and oral argument will not materially aid its resolution. Subject-matter jurisdiction exists under 28 U.S.C. § 1340 by virtue of 26 U.S.C. §§ 6331 and 6332. For the reasons set forth below, I deny the Hesters' motion.

## I. PLEADING STANDARDS

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). The complaint should not be dismissed under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (footnote omitted); *accord Meade v. Grubbs,* 841 F.2d 1512, 1526 (10th Cir.1988). In reviewing the sufficiency of the complaint, a court must presume that the plaintiff's factual allegations are true and construe them in a light most favorable to the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), *overruled on other grounds by Davis v. Scherer,* 468 U.S. 183, 104 S.Ct. 3012, 82 L.Ed.2d 139 (1984); *Meade,* 841 F.2d at 1526.

One must read Fed.R.Civ.P. 12(b)(6) in conjunction with Fed.R.Civ.P. 8(a), which establishes the requirements for adequately pleading a claim in federal court. Rule 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." The statement need not contain detailed facts, but it "must give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). A plaintiff is not required to state precisely each element of the claim. 5 Charles A. Wright and Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1216, at 154–159 (1990). Nonetheless, a plaintiff must "set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." *Gooley v. Mobil Oil Corp.,* 851 F.2d 513, 515 (1st Cir.1988). A court may not assume that a plaintiff can prove facts that it has not alleged, or that the defendant has violated laws in ways that plaintiff has not alleged. *Associated General Contractors of California, Inc. v. California State Council of Carpenters,* 459 U.S. 519, 526, 103 S.Ct. 897, 74 L.Ed.2d 723 (1983).

## II. ALLEGED FACTS

I derive the following material facts from the allegations of the interpleader complaint. On June 21, 1971, the Hesters purchased land near Durango, Colorado, including an oil and gas leasehold. The stakeholder, Amoco Production Company ("Amoco"), makes periodic royalty payments to the owner of the leasehold. On September 5, 1996, the Hesters transferred or assigned their oil and gas leasehold interest to The Aspen Group.

On August 21, 1997, the Internal Revenue Service ("IRS") served Amoco with a notice of levy in the amount of $152,581.62. The notice of levy lists the delinquent taxpayers as "Floyd R Hester & Carol B Hester, 256 Westview Ter, Arlington, TX." The notice of levy also claims that The Aspen Group is the "nominee, transferee, alter ego, agent, and/or holder of a beneficial interest of the Hesters." (Compl. ¶ 13 (quoting Notice of Levy served 8/21/97).) On September 23, 1997, The Aspen Group sent to Amoco a document entitled "Declaration Regarding Unacceptable IRS Levy" (the declaration). Though the declaration is signed by the Hesters as "Trustees" of The Aspen Group, the declaration states, inter alia, that The Aspen Group: (1) is not the alter ego of the Hesters; (2) is not the nominee, transferee, alter ego, agent, and/or holder of a beneficial interest of the Hesters; and (3) has "no knowledge of or nexus with" the Hesters. The IRS served Amoco with a second notice of levy on October 24, 1997. On December 16, 1997, the IRS served Amoco with a final demand for payment, which states that Amoco's continued non-compliance would cause the IRS to seek collection of a monetary penalty from Amoco pursuant to the Internal Revenue Code, 26 U.S.C. § 6332. Also on December 16, 1997, Amoco filed an interpleader complaint pursuant to Rule 22 to extricate itself from the conflicting claims of the IRS and The Aspen Group. The Hesters, in their individual capacities, have not claimed an interest in the royalty payments.

## III. ANALYSIS

In support of their motion to dismiss, the Hesters contend that they have not asserted any type of pecuniary interest in roy-

alty payments deriving from the leasehold "since before September 17, 1994." Thus, the Hesters' purport to disclaim any interest in the funds deposited in the Registry of the Court by Amoco. Normally, when a defendant in an interpleader action files a declaration disclaiming any interest in the funds deposited in court by the complainant, that defendant has no further interest or legal standing in the action. *Helis v. Vallee,* 34 F.Supp. 467, 470 (E.D.La.1940), *aff'd sub nom. on other grounds, Gordon v. Vallee,* 119 F.2d 118 (5th Cir.1941); *Savage v. First Nat'l Bank & Trust Co. of Tulsa,* 413 F.Supp. 447, 452 (N.D.Okl.1976). *See also General Atomic Co. v. Duke Power Co.,* 553 F.2d 53, 58 (10th Cir.1977) (party not asserting interest in interpleaded funds is not "genuine claimant"). The interpleader complaint filed by Amoco indicates, however, that the Hesters have some relationship with The Aspen Group. Allegedly, the central dispute between the United States and The Aspen Group focuses on the nature of this relationship. The United States contends, and The Aspen Group denies, that The Aspen Group is the alter ego of, or holder of a beneficial interest of, the Hesters. As a practical matter, the nature of the Hesters' relationship with The Aspen Group must be resolved before determination of rights to the royalty payments is possible. If the United States can show that The Aspen Group is a sham entity, the United States might be able to demonstrate its right to the interpleaded funds.

■ Although the Hesters have not presented a claim to the funds in their individual capacities to Amoco, they are indispensable parties who must be joined in any event. Rule 19 states, in relevant part:

Persons to be Joined if Feasible. A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence

may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party. If the person should join as a plaintiff but refuses to do so, the person may be made a defendant, or, in a proper case, an involuntary plaintiff. If the joined party objects to venue and joinder of that party would render the venue of the action improper, that party shall be dismissed from the action.

Fed.R.Civ.P. 19(a). The standards of Rule 19 are to be applied "in a practical and pragmatic but equitable manner." *Francis Oil & Gas, Inc. v. Exxon Corp.,* 661 F.2d 873, 878 (10th Cir.1981); *accord Provident Tradesmens Bank & Trust Co. v. Patterson,* 390 U.S. 102, 106–107, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968). The Federal Rules of Civil Procedure, including their joinder provisions, apply in interpleader cases just as they would in any other civil action in federal court. *New York Life Ins. Co. v. Deshotel,* 142 F.3d 873, 881 (5th Cir.1998).

Applying the standards of Rule 19 in a pragmatic and equitable manner, the Hesters are indispensable parties whose joinder is necessary. Their absence might be prejudicial to the United States, Amoco, or The Aspen Group. Their dismissal would significantly impair their ability to protect their own interests. If the United States shows that the alter ego doctrine applies, the court may disregard the corporate entity and consider the actions ostensibly taken by The Aspen Group to be those of the Hesters. *See Gude v. City of Lakewood,* 636 P.2d 691, 697 (Colo.1981) (discussing remedy imposed when piercing corporate veil). Accordingly, the Hesters are indispensable parties whose joinder is necessary for just adjudication, regardless of whether they, in their individual capacities, have claimed an interest in the royalty payments. *See Tewa Tesuque v. Morton,* 498 F.2d 240, 242 (10th Cir.1974) ("An indispensable party is one whose interest will be affected by the judgment.").

Lastly, the cross-claims asserted against the Hesters by the United States fall within the scope of permissible cross-claims that may be asserted in an interpleader action. *See* Fed.R.Civ.P. 13(b), 13(g), & 22; *see also Northern Natural Gas Company v. Grounds,* 441 F.2d 704, 715 (10th Cir.1971) ("Interpleader jurisdiction is limited to the fund in controversy."). The cross-claims of the United States attack The Aspen Group's claim of interest in the interpleaded funds by impugning its status as a viable entity. Even though the Hesters, in their individual capacities, have not claimed an interest in the interpleaded funds, the United States' cross-claims implicate the Hesters' interests and state claims upon which relief can be granted.

Accordingly, I ORDER that the motion to dismiss pursuant to Rule 12(b)(6) of defendants Floyd Hester and Carol Hester, filed January 20, 1998, is DENIED.