## R. R. BARROW *v.* JOHN McDONALD.

An attachment will not lie in an action for damages *ex delicto ;* nor in an action for the settlement of a partnership before any liquidation of accounts, when, from the nature of the business, it is impossible that the plaintiff can swear with certainty to the amount that will be found due to him on a final settlement.

APPEAL from the District Court of Terrebonne, *Cole*, J.
*Goode & Aycock*, for plaintiff and appellant. *Beatty & Bush*, for defendant.

LEA, J. The plaintiff's claim against the defendant in this case is based upon two causes of action :

1st. A claim for damages for the malicious killing of a slave, which was owned by the plaintiff and the defendant in the proportion of three-fourths by the former and one-fourth by the latter. These damages the plaintiff has assessed at $1500.

2d. A demand for an alleged balance due upon a settlement and liquidation of accounts growing out of the management by the defendant of a plantation owned by them in common, in the proportions above stated.

The defendant being a non-resident, this suit was instituted by the attachment of a judgment which the defendant had obtained against the plaintiff.

The defendant, by his counsel, moved that the attachment be dissolved on the grounds : 1st, that the causes of action are insufficient to maintain an attachment; 2d, that the judgment against *Barrow* could not be attached on an unliquidated claim for damages. From a judgment dismissing the attachment the plaintiff has appealed.

We consider the doctrine too well settled to be longer treated as an open question ; that no attachment can be maintained in an action for damages *ex delicto*. See *Irish* v. *Wright*, 12 Rob. 563 ; 2 An. 943 ; 3 An. 376, 445 ; 4 An. 63.

We consider it equally well settled that no attachment will lie in an action for the settlement of a partnership before any liquidation of accounts where, from the nature of the business, it is impossible that the plaintiff can swear with certainty to the amount which will be found due to him on a final settlement. 2 An. 277 ; do. 154 ; 11 La. 581.

There is nothing in the nature of either of the demands upon which this action is based which would make them exceptions to the application of the principles above set forth.

Assuming that the defendant promised to pay three-fourths of the value of the slave, it does not appear that any price was agreed upon. Moreover, we

think the District Judge was right in holding that this was a matter which entered into and constituted a part of the partnership transactions. It was an act done in the course of his administration as a managing partner, and as such, could not be separated from the affairs of the partnership so as to make it the basis of an independent suit. It is urged in support of the attachment, that the business of the partnership was so limited and simple in its features, that the plaintiff could swear with reasonable certainty to a precise balance. We can scarcely imagine any kind of partnership in which an estimate of the ultimate rights of the respective partners would be more purely conjectural, than in a partnership for the management of a sugar plantation.

We think the judgment setting aside the attachment should be affirmed, but we do not consider that a proper case is presented for the infliction of damages for a frivolous appeal.

Judgment affirmed.