OVERTON, J.
 

 Jim Sage, Jack Fisher, and R. S. Cutrer were indicted in the parish of Washington for conducting and permitting to be conducted on their premises gambling with cards at which money or its representative was bet and hazarded, the said premises not being a private home or a private club at which the games played by them were conducted without rake-off! or gain.
 

 The defendants filed a motion' for a bill of particulars for the purpose of ascertaining in what part of the parish of Washington the offense charged was committed. The state answered that it was committed in the city of Bogalusa, a municipality located in the parish of Washington. Defendants then filed a motion to quash the indictment on the ground that the indictment charges no offense known to the laws of this state, and upon the further ground that, if the indictment is based on an ordinance of the police jury of the parish Of Washington, the ordinance was enacted without authority. This motion was overruled. Defendants were then tried. Fisher was acquitted, and Sage and Cutrer were convicted. Sage was granted a new trial, and Cutrer was sentenced to pay a fine of $301 or to serve 30 days in jail. From the sentence imposed, Cutrer prosecutes this appeal.
 

 The bill taken to the overruling of the motion to quash presents the only question, coming within our jurisdiction, to which a bill was taken. The offense charged, as we have seen, was committed in the city of Bogalusa, and the prosecution, we may add, was had under an ordinance enacted by the police jury of the parish of Washington, in which parish Bogalusa is located. The ordinance prohibits throughout the parish, not excepting the territory of municipalities therein, gambling with cards for money or any representative thereof, .and. contains a proviso to the effect that the ordinance shall not apply to any game, played in a private home, occupied by a family as such, or in a private club, conducted without rake-off for gain. The ordinance was passed under Act 183 of 1918, which reads as follows:
 

 “Section 1. Be it enacted by the General Assembly of the state of Louisiana, that the police juries of the several parishes of the state, the city of New Orleans and all municipalities excepted, be and they are hereby empowered and authorized, with full power, to suppress and prohibit, within their respective parochial limits, gambling with cards, qr any card game by whatsoever name the said card game may be called or known, at which money, or anything representing money, or any article of value shall be pledged, bet or hazarded: Provided, however, that the provisions hereof shall not apply to any private game played in a private home oe
 
 *633
 
 eupied by a family as such, or game in private clubs, conducted without rake-off for gain.
 

 “Section 2. Be it further enacted, etc., that the said police juries are hereby empowered and authorized to pass and adopt all the necessary ordinances, which they may deem needful, to carry out the provisions of this act and to enforce the said ordinances by fine not to exceed five hundred dollars, or imprisonment not to exceed six months, or both at the discretion of the court.
 

 “Section 3. Be it further enacted, etc., that all laws or parts of laws in conflict herewith be and the same are hereby repealed.”
 

 The sole question presented by the motion to quash is whether the police jury had the right to include within the provisions of the ordinance the territory contained within the corporate limits of municipalities located in the parish. The answer to the question depends upon the interpretation that should be given to the act under which the ordinance was adopted. The position of the state is that the only purpose which the Legislature had in view, in inserting the clause in section 1 of the act reading, “the city of New Orleans and all municipalities excepted,” was to show that, in conferring power upon police juries to prohibit gambling within their parochial limits, it did not intend that the act should be construed as conveying power to municipalities, including the city of New Orleans, to do likewise within their municipal limits, whereas, on the other hand the appellant contends that the Legislature intended by this clause to exclude from the power granted to police juries authority to extend their ordinances, relating to gambling with cards, over the territory comprised within the limits of municipal corporations.
 

 In our view, the appellant is correct. It is a rule, well established, that, in construing legislative acts, effect, if possible, should be given to every clause found in the act. If it were the intention of the Legislature, in conferring power upon police juries to prohibit gambling with cards, not to confer power, by the act it was passing, upon municipalities to prohibit it within their corporate limits, there was no reason for the Legislature to expressly except municipalities from the grant, because the mere granting of power to police juries, which are the governing bodies of parishes, and not of municipalities, necessarily has the effect of excluding municipalities from the grant, and hence, under the interpretation advanced by the state, the exception as to municipalities becomes, at best, a mere redundancy which is utterly useless. But the clause mentioned may be given some effect. Municipalities are usually, if not always, authorized to suppress gambling, and we think that it was not the intention of the Legislature either to interfere with that power, or to authorize two political subdivisions of the state, one of whose territory is included in that of the other, to suppress gambling in the same territory. What the Legislature intended by the clause mentioned was to exclude from the grant to police juries the territory in their parishes, comprised within the limits of municipal corporations. Hence, in our opinion, the act authorizes police juries to prohibit gambling with cards throughout their respective parochial limits, save within the territorial limits of municipalities.
 

 Since the foregoing, in our opinion, is the correct construction of the statute, we think that the ordinance, to the extent that it prohibits gambling in municipal corporations in the parish of Washington, is illegal, and hence, the offeúse charged having been committed in a municipal corporation therein, the motion to quash should have been sustained, and the appellant discharged.
 

 Eor the reasons assigned, the verdict and the sentence appealed from are annulled and set aside, the motion to quash is sustained, and the defendant, who is the appellant herein, is discharged.