173 La. 982

## FRENCH v. ARTISTIC FURNITURE CO., Inc., et al.

### No. 31551.

Supreme Court of Louisiana.

Jan. 4, 1932.

Monroe & Lemann and Robert G. Polack, all of New Orleans, for Artistic Furniture Mfg. Co.

John Alonzo Woodville and A. H. Reed, both of New Orleans, for respondent.

ODOM, J.

Plaintiff is a resident of Alabama, and defendant is a nonresident corporation not qualified to do and not doing any business in this state, and having no resident agent here upon whom citation or other process may be served.

According to plaintiff's allegations, he was employed by defendant as a traveling salesman to sell furniture in Louisiana, Mississippi, and Tennessee on a commission basis, and under his contract he earned commissions on sales made partly in this state, amounting to $1,117.98, which amount defendant refused to pay, and thereby breached its contract.

He brought the present suit in the civil district court for the parish of Orleans, and, in order to obtain jurisdiction, attached, by garnishment process, certain property of the defendant corporation in the hands of Morris Kirschman, a resident of New Orleans.

Defendant excepted to the jurisdiction of the court on the following grounds:

"That defendant is a corporation not domiciled or doing business in the State of Louisiana; that it has appointed no agent for the service of process in Louisiana; that plaintiff is also a non-resident of the State of Louisiana; that the asserted cause of action sued upon is a transitory cause of action arising outside the state of Louisiana."

Defendant prayed that its exception be maintained, the attachment be dissolved, and plaintiff's suit dismissed, and that its rights to proceed against plaintiff for damages be reserved.

The exception was overruled by the trial court. Whereupon defendant applied for a writ of certiorari directing the judge of the civil district court to send up the record in the case to this court, to the end that the validity of said proceeding might be inquired into. The writ issued as prayed for, and the case is now before us in response thereto.

In the case of W. H. Hodges & Co. v. Pennsylvania Railroad Co., 171 La. 699, 132 So. 115, the plaintiff, a resident corporation, sued the defendant, a nonresident railroad corporation "not qualified to do, nor doing, any business within the state, engaged in interstate commerce," on a cause of action which arose outside the state.

The railroad corporation excepted to the jurisdiction of the court on two grounds; the first being that "defendant, being a nonresident corporation, not qualified to do, and not doing, any business within the state was not amenable to local process on a cause of action arising outside the state," the second being that the "cause of action alleged unduly interfered with interstate commerce in violation of the commerce clause of the federal Constitution."

We held in that case, to quote from the opinion, page 706 of 171 La., 132 So. 115, 117:

"Our conclusion is that the first ground of defendant's exception to the jurisdiction of the local courts is well founded; that is to say, that the defendant railroad company being a nonresident corporation not admitted to do and not doing any business within the state is not amenable to the process of the state in an action ex delicto arising in another state."

One of the issues involved in that case, and the only one decided, was whether under our laws, courts of this state are authorized to entertain jurisdiction of a suit instituted by attachment and garnishment by one of its citizens against a nonresident corporation having no agent and doing no business within the state; the cause of action having arisen in another state. The same issue is involved here, but the circumstances are somewhat different. There the plaintiff was a resident of this state, the cause of action arose in another state and was ex delicto, and the defendant was a nonresident railroad corporation. Here the plaintiff is a nonresident, the cause of action arose out of the state, was ex contractu, and the defendant is a nonresident mercantile corporation.

Due to the fact that in the Hodges Case the action was ex delicto and the defendant a nonresident railroad corporation, there seems to be some doubt whether the holding in that case is applicable to actions ex contractu against nonresident corporations other than railroad companies.

It is contended by counsel for plaintiff that by its express terms the opinion in the Hodges Case was limited to actions ex delicto against nonresident railroad corporations. The trial judge was in doubt as to whether that contention is correct. He overruled defendant's exception to the jurisdiction, but says he was "doubtful of the correctness of his decision" and thought it best to let the case come up to this court on a writ in order that we might render an "opinion which would leave no doubt in the minds of the nisi prius courts of this state as to what is the true holding of the Supreme Court of Louisiana on the question of jurisdiction herein involved."

In order to remove all doubt as to what was held in the Hodges Case on the question of jurisdiction, it suffices to say that the court did not intend to limit its holding to actions ex delicto against nonresident railroad corporations. The court there had before it an action ex delicto against a nonresident railroad corporation. But neither the nature of the action brought, nor the kind of corporation made defendant was pertinent to the issue involved. The issue before the court and the only one decided is clearly stated. The court said:

"The question for decision, therefore, is:

"In a transitory action arising in another state are the courts of this state authorized, under its laws, to entertain jurisdiction of a suit instituted by attachment and garnishment by one of its citizens against a nonresident corporation having no agent and doing no business within the state?"

It will be noted that in stating the issue the court did not refer to the nature of the action or to the kind of corporation involved. In its conclusions, the court referred to "the defendant railroad company" and to "an action ex delicto" because that was the kind of corporation and the nature of the action under consideration. Had the action there brought been one arising out of a contract, and the defendant a nonresident corporation other than a railroad company, the results, the conclusions, would have been the same.

We have quoted above the court's conclusions in the Hodges Case. Stated in slightly different language, what the court intended to hold was this: That a defendant company, being a nonresident corporation, not admitted to do and not doing any business within this state, is not amenable to the processes of the state in an action arising in another state.

■ Referring now to the case at bar, we note that counsel for plaintiff suggest that plaintiff's cause of action arose in this state because some of the sales made by him were to Louisiana merchants or dealers. But we think the question where the sales were made is not pertinent. Plaintiff alleged that defendant employed him to sell furniture on a commission basis, and that under his contract of employment he earned certain commissions which defendant refused to pay; in other words, that defendant had breached its contract with him. It was therefore this breach of the contract which gave him a cause of action, and the action arose where the contract was violated, and not where the sales were made. The contract was not breached in this state, but in another, presumably the one in which defendant has its domicile, and transacts its business.

Counsel for plaintiff call our attention to the case of National Park Bank v. Concordia Land & Timber Co. (Black River Lbr. Co., Garnishees), 154 La. 31, 97 So. 272, 279, which they say is decisive of the issue here involved.

A careful reading of the opinion of Justice Overton on first hearing and of Justice St. Paul on rehearing will disclose that the issues there involved were altogether unlike those involved in the Hodges Case and those involved in the case at bar.

The plaintiff in the Concordia Land Co. Case was a nonresident corporation and obtained judgment against defendant by substituted service; but its cause of action arose in this state. It brought suit on a promissory note, executed in this state by the Jeffries Lumber Company, payable to the plaintiff bank, and indorsed by the Concordia Land and Timber Company, the defendant. The plaintiff obtained judgment by default against both the defendant and the garnishee. The garnishee appealed and attempted to have the judgment against it set aside on the ground that the judgment against the principal defendant was null, "the alleged ground of nullity being that the defendant was not unrepresented, but on the contrary had an agent within the state on whom process could be served."

The decision in the Hodges Case, supra, is decisive of the issue involved in the case at bar.

It is therefore ordered that the writ heretofore granted be made peremptory, and accordingly the Honorable Hugh C. Cage, Judge of the civil district court for the parish of Orleans, is directed to sustain the exception to the jurisdiction filed by defendant and to dismiss plaintiff's suit at his costs, with full reservation of whatever rights defendant may have to proceed against plaintiff for damages and attorneys' fees; costs incurred on account of this writ to be paid by plaintiff French.