149 So. 539

JACKSON STATE NAT. BANK OF JACK-
SON, MISS., v. MERCHANTS' BANK &
TRUST CO. OF JACKSON, MISS.

No. 32393.

July 7, 1933.

Cobb & Jones, of New Orleans (Wells, Jones, Wells & Lipscomb and Watkins, Watkins & Eager, all of Jackson, Miss., of counsel), for appellant.

Spencer, Gidiere, Phelps & Dunbar, of Jackson, Miss. (Butler & Snow and Flowers, Browne & Hester, all of Jackson, Miss., of counsel), for appellee.

OVERTON, Justice.

On February 28, 1933, customers of plaintiff delivered to it for collection a number of certificates, issued by the state of Mississippi. The state treasurer delivered to plaintiff a check for $97,612.50, drawn on defendant, in settlement of the certificates. On March 1, 1933, in the clearance between plaintiff and defendant, it appeared that defendant owed plaintiff $85,022.02. In settlement of this indebtedness, defendant issued to plaintiff its check for the amount thereof on the head office of the Canal Bank & Trust Company, of New Orleans, La. This check was presented to the Canal Bank & Trust Company twice, first on March 2, and again on March 15, 1933; but payment was refused, and the check was protested for nonpayment.

On March 23, 1933, plaintiff brought the present suit against defendant, caused a writ of attachment to issue on the ground of the nonresidence of defendant, and under the writ garnisheed funds to the credit of defendant on deposit in the Canal Bank & Trust Company. Defendant's assets were taken possession of later by the superintendent of banks of the state of Mississippi. The superintendent has been made a party to this suit.

An exception to the jurisdiction of the trial court was filed by defendant, on the ground that both plaintiff and defendant are domiciled in the state of Mississippi; that neither is engaged in doing business in this state; that the cause of action set forth in the suit arose entirely in the state of Mississippi, and therefore that the courts of this state are without jurisdiction of the case.

Two issues are presented, quite thoroughly, for consideration; one of these is whether a cause of action on a check arises at the place where the check is payable and where payment is refused, or at the domicile of the drawer, and the other is whether Act No. 220 of 1932 authorizes the issuance of an attachment against a nonresident corporation, not admitted to do business within the state, and not represented by an agent for the service of process, irrespective of the place where the cause of action arose, or the business was transacted.

The first question, propounded to us, is suggested by the cases of Hodges & Co. v. Pennsylvania Railroad Company, 171 La. 699, 132 So. 115, and French v. Artistic Furniture Company, 173 La. 982, 139 So. 307, where it was held (the claim in the first case arising from a tort, and, in the second, ex contractu) that a nonresident corporation, not admitted to do business in this state, and doing none here, is not amenable to process of this state

on a cause of action arising in another state. We find it wholly unnecessary to pass upon this question. The conclusion we have reached, under the present state of the law, prompts the foregoing observation. In our view, it is now a matter of no consequence where the cause of action in such cases arose, or the business, out of which it grew, was transacted. This conclusion is prompted by Act No. 220 of 1932, which, omitting its title, reads as follows:

"In all suits instituted in any of the courts of this State in which the demand is for a money judgment and the defendant is a nonresident of this State, or when the defendant is not domiciled in this State, whatever may be the nature, character or origin of the plaintiff's claim, the plaintiff shall have the right to sue out a writ of attachment against the defendant's property, whether the claim be for a sum certain or for an uncertain amount, and whether the claim be liquidated or unliquidated, upon making affidavit and giving bond as now required by law in suits against non-resident defendants, provided that the provisions of this Act shall not apply in cases in which the defendant has a duly appointed agent in the State of Louisiana upon whom service of process may be made."

The crucial clause in the foregoing act to be considered is the clause enacting that, "In all suits * * * in which the demand is for a money judgment and the defendant is a non-resident of this State, or when the defendant is not domiciled in this State, whatever may be the nature, character or origin of the plaintiff's claim, the plaintiff shall have the right to sue out a writ of attachment. * * *"

This clause, we think, couched, as it is, in language which approaches being all-inclusive, gives a plaintiff a right to attach, in the courts of this state, on a claim or cause of action for money against a nonresident corporation, or against one not domiciled and not represented in this state by an agent for service of process.

■■ The rule is that: "In giving construction to a statute, the courts are bound, if it be possible, to give effect to all its parts. No sentence, clause or word should be construed as unmeaning and surplusage, if a construction can be legitimately found which will give force to and preserve all the words of the statute." Black on Interpretation, p. 83; State v. Fontenot, 112 La. 628, 36 So. 630; State v. Sage, 162 La. 630, 110 So. 884; Houghton v. Hall, 177 La. 237, 148 So. 37. In applying this rule, where possible, the same meaning should not be given to two distinct words, and thereby make one of them a useless repetition of the other, but the appropriate meaning should be given each word with the end in view of giving full effect to the legislative intent.

■ The word "claim," in the expression "whatever may be the nature, character or origin of the plaintiff's claim," means the facts giving rise to the demand, which show the right asserted, and may be said to be synonymous with "cause of action." Newberry v. Wilkinson (C. C.) 190 F. 62, 67; Id., 199 F. 673, 118 C. C. A. 111; Barto v. Stewart,

21 Wash. 605, 615, 59 P. 480; 1 C. J. § 28, pp. 936, 939.

■ The word "nature," occurring in the same expression in the clause "whatever may be the nature," etc., was, together with that clause, apparently taken from article 242 of the Code of Practice, touching the right to an attachment, where it is used with reference to the word "debt" instead of with reference to the broader word "claim," used in the Act of 1932, and was construed under the Code as covering actions arising only ex contractu or quasi ex contractu, and not ex delicto. Barrow v. McDonald, 12 La. Ann. 110. Following the word "nature," in the expression "whatever may be the nature," etc., the Legislature added the words making the clause read, "whatever may be the nature, character or origin of the plaintiff's claim," obviously, not only with the end in view of retaining the right to attach on a demand for damages arising from an offense or quasi offense, which had been secured, since the adoption of the Code of Practice, by Act No. 215 of 1920, but to make it clear that the right to attach, as existing prior to the adoption of the act of 1932, was enlarged so as to embrace every description of legal demand for money, whether the demand arises ex contractu or quasi ex contractu or from a tort.

■ The word "character," as used in the expression "whatever may be the nature, character or origin of the plaintiff's claim," means the class or division to which the claim belongs, as for instance a claim arising from a contract or from a tort; the idea intended to be conveyed being that the character of the claim is of no importance, in determining the right to attach.

■ The word "origin," appearing in the clause, does not mean, in connection with the word "claim," as urged by defendant, the facts out of which the action rises, for that would needlessly place the Legislature in the position of indulging in useless repetition, this meaning being already conveyed by the use of prior words, and especially by the use of the subsequent word "claim" with which the word "origin" is connected, but means the place or locality where the cause of action arose; the idea being that it is immaterial where it arose in determining the right to attach.

It seems quite clear to us that the Legislature, not being satisfied with the law as it existed at the time of the rendition of the judgments in the Hodges and French Cases, supra, changed it. This change should, of course, be respected.

Since it is a matter of no importance whether the cause of action in this case be transitory or not or, in other words, whether or not it arose in another state, or grew out of business transacted in another state, our conclusion is that the exception to the jurisdiction should be overruled.

The judgment appealed from is set aside, the exception to the jurisdiction is overruled, and the case is remanded to be tried according to law; defendant to pay the costs of this appeal, and the remaining costs to abide the final decision of the case.

O'NIELL, C. J., being recused in the case of General Motors Acceptance Corporation v. Ford, 177 La. 1062, 150 So. 18, takes no part in this case, where the same issues are to be decided.