*1063
 
 OVERTON, Justice.
 

 Leo G. Ford, who is domiciled in' the state of Mississippi, signed at his domicile in that state certaih guarantees, which are sued upon in this case. These guarantees were delivered to the traveling agent of the General Motors Acceptance” Corporation, in Mississippi, which is a corporation organized under the laws of the state of New York.
 

 The General Motors Acceptance Corporation brought suit on the guarantees in the civil district court for the parish of Orleans against Ford," and sued out a writ of attachment. Ford excepted to the jurisdiction of the court on the ground that the cause of action is not connected with business done in this state and did not arise here. The exception was overruled, and supervisory writs were applied for and ordered to issue.
 

 A similar question was before us and was this day decided in the case of Jackson State National Bank, of Jackson, Mississippi v. Merchants’ Bank & Trust Company, of Jackson, Mississippi, 177 La. 975, 149 So. 539. The only difference worthy of note between this and the cited case is that in the cited case both plaintiff and defendant are foreign corporations, not represented here, whereas in the present case the defendant is a nonresident natural iserson.
 

 It whs decided in the cited case that, under Act No. 220 of 1932, it was a matter of no importance, with reference to the right to sue and attach here, whether or not the cause of action arose out of this state or grew out of business transacted elsewhere, for in either event the courts of this state had jurisdiction. The fact that the defendant is a nonresident natural person does not alter the case. The wording of the act of 1932 is broad enough to include a nonresident natural person as a defendant as well as a foreign corporation, not domiciled or represented here by an agent for the service of process.
 

 The ruling, under review, is affirmed.
 

 O’NIELL, O. J., is recused.