McBRIDE, Judge.
This appeal presents this question: How should the provisions of Act No. 112 of 1938 (now LSA-R.S. 33:2861-33:2876). be construed? The facts are undisputed and may briefly be stated as follows:
Some twenty years ago the City of New Orleans acquired at a sale for unpaid City taxes for the year 1930, on an assessment in the name of Charles J. Ennis, a certain portion of ground situated in the Sixth District, in Square 621, designated as Lot 6 Part Lot 7, measuring forty-five feet on Jena Street. Long after the period of redemption had expired, the City proceeded, pursuant to the provisions of Act 112 of 1938, to publicly sell the property in the maniier and on the terms provided- by the act. The proposed sale, which was duly advertised, took place on Friday, September 16, 1949. The public notice stated that the sale would be made to the last and highest bidder for cash, payable in current money of the United States at the time of adjudica *580 tion; that no bid would be accepted or sale made for less than the total amount for which the property was adjudicated, including all interest, costs, and penalties (aggregating $349.40), and subject to any State, Parish, and Levee District taxes and to all subsequent City taxes and paving and other local improvement charges. Warren Realty Company, Inc., bid for the property the sum of $350, which was paid to John • F. Kirwin, Delinquent Tax Department of the City of New Orleans. This representative of the City, who conducted the public sale, announced before crying' the property that there was due thereon the approximate sum of $3,500 for accrued City taxes.
Notwithstanding that , Warren Realty Company, Inc., paid the amount of its bid, the City of New Orleans refuses to issue-a title to the said adjudicatee. This .suit ensued, and by it Warren Realty Company, Inc., seeks to compel the City, through its Mayor, to deliver a deed of sale, in appropriate form, evidencing the public adjudication of the property at the aforementioned auction sale of September 16, 1949. The City defends the action on the ground that Warren Realty Company, Inc., is not entitled to a deed unless and. until it pays the additional sum of $3206.92, representing the amount of municipal taxes and paving assessments due accruing subsequent to the year 1930 by the property. The City prays for a dismissal of the mandamus proceeding at the cost of relator and for a forfeiture of relator’s deposit of $350. After a trial in the court below, relator’s demand was dismissed and the judgment ordered", the City to return to relator the $350 which had been deposited in connection with the said public sale. Relator has appealed.
The pertinent provisions of Act No. 112 of 1938 are:
“Section 1. Be it enacted by the Legislature of Louisiana, That whenever property'has been adjudicated to any municipal corporation of the State for-unpaid taxes, or paving or other local improvement assessments, s'uch municipal corporation shal-l have and is hereby vested with full power and authority to enforce the collection of said taxes, or paving or other local improvement assessments, in the manner hereinafter provided.

“Section 6. Such municipal corporation shall be authorized, after the expiration of the period fixed by law for the redemption of such adjudicated property, to sell such property in the manner and on the terms hereinafter provided.
“Section 7. Whenever such municipal corporation desires to sell any of such adjudicated property, either for taxes, paving or other local improvement assessments, such sale or sales shall be made only after advertisement in the official journal of such municipality, which advertisement shall appear once a week for four weeks and said sale or sales shall be made not sooner than thirty days after the date of the publication of the first notice; such advertisement shall be full and complete notice to all persons and parties in any manner interested in said property, and no other notice shall be required. Said advertisement shall be in the name of the party in whose name the property was adjudicated as well as in the name of the then owner of record. If sales advertised to take place on a special day are not completed on.that day, the sales shall be continued over from day to day until same are completed.
“Section 8. That said property shall be adjudicated to the last and highest bidder for cash, payable in current money of the United States, at the time of the adjudication, provided, no bid shall be accepted or sale made for a less amount than the total amount for which the property was adjudicated, including all interest, costs, penalties, and subject to any State, Parish and Levee District taxes and to all subsequent taxes and paving or other local improvement charges, if any. If at any moment before the actual adjudication takes place, the tax debtor, *581 his heir, administrator, executor, assign or successor, shall pay to the tax collector of the municipality all taxes, or paving or other local improvement assessments due upon said property, including all interest, cost, penalties, taxes or paving or local improvement assessments which have accrued since the date when the property was adjudicated to the municipality, then the adjudication shall be.made by the tax collector of said municipality to the tax debtor, his heirs, administrator, executor, , assign or successor, as the case •may be, by preference over all other bidders, though they may have bid larger sums. The tax collector making •such sale shall deliver to the purchaser who has complied with his bid by paying the price of the adjudication to him, the deed- of sale executed before the City Notary, who shall charge therefor the price of Five ($5.00) Dollars plus the cost of recordation of the deed. [Italics ours.]
“Section 9. That when any property above referred to has been once advertised and offéred for sale in accordance with the provisions of this Act and has failed to sell, then the Council or other governing body of such municipal corporation shall be authorized to appoint a committee of recognized and qualified realtors to appraise and value such property, subject to the final approval of the Commission Council, and advertise such property for sale a second time in the same manner as hereinabove provided, stipulating, however, in such second advertisement the minimum price which will be accepted for such property, which minimum price shall be the appraised value of such property as approved by said Council or other governing body, and which minimum price need not equal the full tax obligation, or amount due for paving or other local improvement assessments due by such property to the said municipal corporation; provided, that such sales shall be made subj ect to any State, Parish or Levee District taxes, if any.
“Section 10. That all sales under authority of this act.shall vest in the purchaser an absolute and perfect title to the property conveyed in the deed of sale, without any claim thereto by any former owner, and free of all mortgages, liens, privileges and incum-brances whatsoever, except,as herein-above provided. ' '
* * * . * * *
“Section 13. That the price bid and paid for said property shall be in full and final payment and satisfaction of all municipal taxes, paving or other local improvement assessments, together with all costs thereon due and exigi-ble at the time of making such sale, it being the intent' and purpose of this Act that in all.cases where a-municipal corporation avails itself of the privilege herein granted, the purchase price paid for such adjudicated prop-e’rty shall be' credited and applied against the "most recent taxes, ■ paving and other local improvement assessments due by such property,- and any taxes, paving or other local improvement assessments remaining • past due and unpaid at the time of making such sale shall be cancelled.”
The issue is whether thé payment of the amount of its bid entitles relator to receive a deed of sale vésting in it an absolute and perfect title to the'property free from all City taxes, paving, and charges for local improvements accruing during the years intervening between the tax sale to the. City and' the public adjudication to relator. , '
The rule is that in giving construction to a statute the courts are bound' to consider all portions thereof together. If possible, effect must be given to all its parts. No sentence, clause, or word should be construed as unmeaning or as' sur-plusage if a construction can be legitimately found which will give force to and preserve all the words of the statute. State v. Bisso Realty & Investment Co., Inc., 184 La. 579, 167 So. 87; Jackson State Nat. Bank of Jackson, Miss. v. Merchants *582 Bank & Trust Co. of Jackson, Miss., 177 La. 975, 149 So. 539.
Section 8, and especially the crucial clause quoted in italics above, first attracts our attention. The said clause couched and positioned as it is imports that besides taking the property subject to any State, Parish, and Levee District taxes, the ad-judicatee takes the property subject to all City taxes and paving or other local improvement charges which became due since the adjudication to the City at the tax sale for the delinquent 1930 taxes. This is certain, for if we eliminate the reference to State, Parish, and Levee District taxes, the remaining wording would, be: " * * * no bid shall be accepted or sale made for a less amount than the total amount for which the property was adjudicated, including all interest, costs, penalties, and subject * * * to all subsequent taxes and paving or other local improvement charges, if any.” The word “adjudicated” so used can only refer to. the adjudication made to the City for the unpaid 1930 taxes.
Counsel for appellant argues that the clause “subject * * * to all subsequent taxes” etc., means that the adjudi-catee would take the property subject only to taxes and local improvement charges levied by the City subsequent to September 16, 1949, the date of the adjudication to relator. Such a construction, to say the least, would be a strained and illogical one for the simple reason that it would not have been at all necessary for the Legislature to stipulate that the property would be subject to future taxation, and to adopt such construction would be to say that the Legislature indulged in making use of unnecessary language. The clause cannot be considered as surplusage in view of the other and reasonable construction which will render the clause forceful and preserve its efficacy.
The balance of the provisions of Section 8 bolster our view as to what' the Legislature intended the clause to mean. The tax debtor is given the right at any moment before the actual adjudication takes place to pay to the tax collector all taxes, etc., due upon the property, including all interest, cost, penalties, taxes, or paving, or other local improvement assessments which have accrued since the date when the property was adjudicated to the municipality and receive a deed of sale from the City. It is provided that such sale is to be made to the tax debtor by preference over all other bidders, though they have bid larger sums.
The section places the tax debtor in a preferential position • in the matter of redeeming property of which he had been divested by tax sale, but if relator’s contention is to prevail, then a stranger bidding for the property would occupy the favored position. Relator wants an unencumbered deed to the property because it bid and paid $350, yet it would have cost Ennis, in whose name the assessment was made, the sum of $3,556.32 to reclaim the property from the City. It would be difficult indeed to believe the Legislature ever intended such a result to flow from Act 112 of 1938.
Relator also points to and emphasizes Sec. 13, which provides in substance that the price bid and paid for the property shall be in full and final payment and satisfaction of all municipal taxes, etc., together with all costs thereon due and exigible at the time of making the sale, and that when a municipal corporation avails itself of the privileges of the act, the purchase price paid for such adjudicated property shall be credited and applied against the most recent taxes, etc., due by the property after which all taxes, etc., remaining past due and unpaid shall be cancelled.
It is absolutely clear that Sec. 13 has no application whatsoever to the dispute under consideration. If Sec. 13 should be read in connection with Sec. 8, there would result an irreconcilable conflict, between the two sections, and Sec. 13 would have the effect of virtually destroying what is provided for in Sec. 8. We think that Sec. 13 is to be read only in conjunction with Sec. 9, which outlines the procedure to be followed in cases where property has been once offered and fails *583 to sell. In such a situation the property may be appraised and offered again for sale with a stipulation in the - second advertisement as to the minimum price which will be accepted. Upon such second offering, should the property bring less than the amount of all taxes, etc., due, it is then the amount received from the sale is to be apportioned as directed by Sec. 13 and the remaining taxes cancelled.
Relator is not entitled to the deed of sale, the issuance of which is sought to be coerced, as the amount bid and paid for the property is less than the minimum price established by law.
■ The judgment orders the return of the $350.00 deposit to relator, but as the City has neither appealed nor made answer to relator’s appeal, that feature of the judgment is final as to appellee.
For the reasons above assigned, the judgment appealed from is affirmed.
Affirmed.