347 So.2d 241 (1977)
STATE of Louisiana
v.
Walter BOOTH, Jr.
No. 59250.
Supreme Court of Louisiana.
June 20, 1977.
*242 J. Daniel Rivette, Orleans Indigent Defender Program, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Brian G. Meissner, Asst. Dist. Atty., for plaintiff-appellee.
SANDERS, Chief Justice.
The State charged the defendant, Walter Booth, Jr., a convicted armed robber, with carrying a concealed firearm, a violation of LSA-R.S. 14:95.1. The court found the defendant guilty and sentenced him to three years imprisonment and fined him $1,000, or six months in Parish Prison in default thereof.
The defendant appeals. He relies upon one assignment of error for reversal of his conviction and sentence. As defense counsel did not brief or argue two assignments of error, we consider them abandoned. State v. Phillips, La., 337 So.2d 1157 (1976); State v. Blanton, La., 325 So.2d 586 (1976); State v. Carlisle, La., 315 So.2d 675 (1975).
We adduce the following context facts:
The police stopped the defendant for driving at night without headlights. As the defendant exited his car, he drew a pistol from his waistband and aimed it at one of the officers. After a struggle, the police seized the pistol and arrested him.
In a motion to quash and a motion in arrest of judgment, the defendant alleges that the penalty provision under which the court sentenced and fined him, LSA-R.S. 14:95.1 B, is impermissibly vague, rendering the entire statute under which the State charged him, LSA-R.S. 14:95.1, unconstitutional. He argues that its grammatical imperfections, i. e., the absence of a proper subject and ancillary verb for the last clause, prevent the statute from giving sufficient notice of who is fined and whether the fine is mandatory, optional, or alternative to a jail sentence.
*243 LSA-R.S. 14:95.1 B[1] originated as follows:

"Whoever is found guilty of violating the provisions of this Section shall be imprisoned at hard labor for not less than three nor more than ten years without benefit of parole, probation, or suspension of sentence, and be fined not less than one thousand dollars nor more than five thousand dollars." [Emphasis supplied.]
The Senate amended the bill to end the sentence after the phrase "ten years" and inserted an additional clause at the beginning of the second sentence. The final version, incorporating these amendments, reads:

"Whoever is found guilty of violating the provisions of this Section shall be imprisoned at hard labor for not less than three nor more than ten years. If such conviction is for the crime of carrying a concealed weapon, such sentence shall be without the benefit of probation, parole, or suspension of sentence and be fined not less than one thousand dollars nor more than five thousand dollars." [Emphasis supplied.]
A statute is unconstitutionally vague if it fails to give a person of ordinary intelligence fair notice that his conduct is criminal. Rose v. Locke, 423 U.S. 48, 96 S.Ct. 243, 46 L.Ed.2d 185 (1975); Smith v. Goguen, 415 U.S. 566, 96 S.Ct. 1242, 39 L.Ed.2d 605 (1974); Papachristou v. City of Jacksonville, 405 U.S. 156, 92 S.Ct. 839, 31 L.Ed.2d 110 (1972); State v. Johns, La., 339 So.2d 801 (1976); State v. Felton, La., 339 So.2d 797 (1976); State v. Comeaux, La., 319 So.2d 897 (1975).
By its very terms, the void-forvagueness doctrine focuses upon the certainty of the conduct proscribed, not the penalties for such conduct. As the two alleged ambiguities are in the penalty clause, this constitutional doctrine is inapplicable.
The defendant's argument that the statute is invalid because it does not give him adequate notice if he is to receive a fine in addition to a jail term is devoid of merit.
A defendant is entitled to know in advance only the range of the applicable sentence. Many statutes place the decision of whether to impose a fine in addition, or alternative, to a sentence in the discretion of the judge. See LSA-R.S. 14:38 (simple assault); LSA-R.S. 14:45 (simple kidnapping); LSA-R.S. 14:46 (false imprisonment); LSA-R.S. 14:47 (defamation). The Legislature vests the power to determine the extent of the sentence after conviction in the trial judge. This procedure does not violate the defendant's constitutional rights.
For the reasons set forth below, we find that LSA-R.S. 14:95.1 B is subject to a reasonable construction which furthers the legislative intent. Therefore, the statute must stand.
The defendant contends that LSA-R.S. 14:95.1 B actually imposes a fine on the sentence or the sentencing judge.
LSA-R.S. 14:3 provides:
"The articles of this Code cannot be extended by analogy so as to create crimes not provided for herein; however, in order to promote justice and to effect the objects of the law, all of its provisions shall be given a genuine construction, according to the fair import of their words, taken in their usual sense, in connection with the context, and with reference to the purpose of the provision."
See State v. Newton, La., 328 So.2d 110 (1976); State v. Truby, 211 La. 178, 29 So.2d 758 (1947). See also 73 Am.Jur.2d Statutes, § 296, p. 454.
A statute should be interpreted so as to avoid absurd consequences. Hayes v. Orleans Parish School Board, 256 La. 677, 237 So.2d 681 (1970); State v. Seals, 255 La. 1005, 233 So.2d 914 (1970); Smith v. Flournoy, 238 La. 432, 115 So.2d 809 (1959).
*244 Although the defense's interpretation is grammatically correct it produces an absurd result. As the bill was introduced, "[w]hoever is found guilty" was the subject of the verb "be fined." When the Legislature amended the bill and inserted a new subject clause before "be fined," they failed to complete the necessary grammatical adjustments to make the word "defendant" the subject of "be fined." Nonetheless, despite grammatical deviation, we construe LSA-R.S. 14:95.1 B as imposing a fine upon a defendant convicted.
The defendant further argues that LSA-R.S. 14:95.1 B is ambiguous as to whether the imposition of the fine is mandatory, permissive, or alternative to the jail sentence.
A court may ascertain the meaning of a word or phrase in a statute from the meaning of other words or phrases with which it is associated. State v. Hertzog, 241 La. 783, 131 So.2d 788 (1961); State v. Arkansas Louisiana Gas Co., 227 La. 179, 78 So.2d 825 (1955); Board of Trustees of Fin. Auth. v. All Taxpayers, La.App., 336 So.2d 306 (1976); B.W.S. Corp. v. Evangeline Parish Police Jury, La.App., 293 So.2d 233 (1974). In construing statutes, courts must interpret an apparent ambiguity or inconsistency so as to give effect to all of the provisions of that statute. We assume that the Legislature intended every word in a statute to add meaning. State v. Cazes, 262 La. 202, 263 So.2d 8 (1972); State v. Dozier, 258 La. 323, 246 So.2d 187 (1971); State v. Sage, 162 La. 630, 110 So. 884 (1926).
The verb in the first clause of the disputed sentence is "shall be." The Legislature omitted the "shall" for the second verb and used only "be." In our opinion, the verb phrase "be fined" refers directly to the proceeding verb phrase "shall be." With reference to "shall," the imposition of the fine is mandatory. LSA-C.Cr.P. Art. 5. Moreover, standing alone, we consider the term "be fined" to be mandatory, since it is unqualified.
If we were to construe LSA-R.S. 14:95.1 B as providing for a permissive or optional fine, such a construction would render nugatory the requirement that the fine be at least $1,000. If the trial judge had the discretion as to whether or not to fine a defendant, there would be no reason to place a minimum limit on the fine.
Further, we conclude that the fine is an additional, not alternative, penalty to the jail sentence. The word "and" joins the provisions of the statute relating to the jail sentence and the fine. The word "and" indicates that the proceeding and subsequent phrases are in the conjunctive. LSA-C.Cr.P. Art. 6.
In conclusion, we interpret LSA-R.S. 14:95.1 B as follows:
Whoever is found guilty of violating the provisions of this Section shall be imprisoned at hard labor for not less than three nor more than ten years. If such conviction is for the crime of carrying a concealed weapon, such sentence shall be without the benefit of probation, parole, or suspension of sentence, and such defendant shall be fined not less than one thousand dollars nor more than five thousand dollars.
We hold that LSA-R.S. 14:95.1 B imposes a mandatory fine upon a defendant convicted of carrying a concealed weapon who has been previously convicted of one of the enumerated felonies of LSA-R.S. 14:95.1 A and that the statute is constitutional.
For the reasons assigned, the conviction and sentence are affirmed.
DIXON, J., concurs.
NOTES
[1] The bill was House Bill No. 324. Upon passage it became Act No. 492 of the 1975 Regular Session.