JAMES C. GULOTTA, Judge Pro Tem.
This appeal arises from a trial court judgment denying a motion to suppress. We affirm.
On April 13, 1990, two New Orleans police officers were motioned to the side of the road by two men at the intersection of North Derbigy and Bayou Road in Orleans Parish. The men claimed that shortly before while pointing a rifle at them, a man threatened to kill them. Based on the victims’ statements to the officers, defendant was found, and brought back to the intersection.
Upon questioning, it was discovered that the men had been in a fight with defendant several days before. The men told the officers that the defendant had hidden the rifle in an apartment building located at 1731 Bayou Road. One of the officers entered the building and in a common hallway found a Colt AR 15 rifle. The two men identified the rifle as the one used to threaten them. Based on their identification, the defendant was arrested.
Defendant was charged with possession of a firearm by a convicted felon, a violation of LA R.S. 14:95.1. Thereafter, defendant’s motion to suppress the evidence, after a hearing, was denied by the trial judge. Subsequently, defendant entered a guilty plea to a lessor charge of attempted possession of a firearm by a convicted felon, reserving his right to appeal the denial of his motion to suppress. He was sentenced to 18 months imprisonment with credit for time served with the sentence to run concurrently with any other sentence.
In his only assignment of error on appeal, defendant argues that the trial judge erred in denying his motion to suppress because the police officers had obtained the gun in an illegal search of a protected area, where there exists no exception to the warrant requirement of the Fourth Amendment. We reject this argument.
A warrantless non-consensual entry into a protected area to affect a seizure of property is constitutionally impermissible. State v. Hathaway, 411 So.2d 1074 (La.1982); State v. Hall, 555 So.2d 495 (La.App. 4th Cir.1989), writ denied, 577 So.2d 44 (La.1981). However, there are several exceptions to the warrant requirement. A warrantless seizure will be presumed unreasonable unless it falls under one of these exceptions. State v. Smith, 466 So.2d 752 (La.App. 4th Cir.1985); State v. Hall, supra at p. 497. It is the state’s burden to show that the seizure was permissible by way of an exception after the defendant has shown that a warrantless seizure took place. State v. Pomes, 376 So.2d 133 (La.1979). Here, the state asserts that the seizure of the rifle fell under *1390 two exceptions. First that the common hallway of the building did not constitute a protected area and, second that the exigent circumstances/public safety exception is applicable. We agree with the state that the entry way and common hallway in this case was not a protected area.
The police officer in this case entered an apartment building through an apparently unlocked common door which led into a common hallway. The area seems to have been easily accessible by the general public, no effort having been made to secure the door or area so as to give the tenants or anyone else a justified expectation of privacy in that area.
In the case of United States v. Penco, 612 F.2d 19 (2d Cir.1979), the court held that there was no violation of the defendant’s Fourth Amendment rights by drug agents who were present in the defendant’s hallway outside of his apartment, the building stairwell, and the building garage because they entered “peaceably.” That the officers in the case at hand entered the common hallway at 1731 Bayou Road peaceably, without use of force or guile, has not been disputed by the parties or the record.
The court in Penco cited several other pertinent cases in support of their holding. United States v. Miguel, 340 F.2d 812 (2d Cir.), cert. denied, 382 U.S. 859, 86 S.Ct. 116, 15 L.Ed.2d 97 (1965), which held that the Fourth Amendment protection given an apartment dweller’s home doesn’t extend to the building’s lobby; United States v. Conti, 361 F.2d 153 (2d Cir.1966) vacated on other grounds, 390 U.S. 204, 88 S.Ct. 899, 19 L.Ed.2d 1035 (1968) where the court held that the area just inside an unlocked hall door was not protected. See also United States v. Wilkes, 451 F.2d 938 (2d Cir.1971) where the hallway just outside the apartment door is not protected. All of these cases support the trial court’s judgment denying defendant’s motion to suppress.
The cases cited by the defendant in support of his claim are factually distinguishable from the facts in the instant case. In McDonald v. United States, 335 U.S. 451, 69 S.Ct. 191, 93 L.Ed. 153 (1948) police officers gained access to an open apartment building by opening a window in the landlady’s apartment. In State v. Di Bartolo, 276 So.2d 291 (La.1973) officers gained access by pulling out a window screen and climbing through the window after finding the door to be locked. Defendant also cites United States v. Carriger, 541 F.2d 545 (6th Cir.1976), in which the court found similar Fourth Amendment protection where officers entered an apartment through a door ordinarily kept locked as workmen were exiting. All of these cases involved either use of force or guile to gain access to a secured area. That was not true in the instant case.
Accordingly, we find no merit to defendant’s assignment of error.
A review of this matter for errors patent reveals that the trial judge erroneously failed to either fine the defendant $2,500.00 or require him to serve his sentence at hard labor without benefit of probation, parole, or suspension of sentence as required by La.R.S. 14:95.1. However, where an error patent is favorable to the defendant and there was no objection by the state, the error will not be corrected on appeal. State v. Fraser, 484 So.2d 122 (La.1986). Accordingly, the defendant’s conviction and sentence are affirmed.
AFFIRMED.