WARD, Judge.
Anthony H. Reed was charged by bill of information on June 11, 1990, with a violation of LSA-R.S. 14:95.1, possession of a firearm by a convicted felon. He pled not guilty at his arraignment on June 22, 1990. On July 27, 1990, at a hearing on the motions, the trial court found probable cause for the arrest of the defendant and denied the Motion to Suppress the Evidence. A twelve-member jury found the defendant guilty as charged at trial on October 24, 1990. He was sentenced to serve five years at hard labor without the benefit of probation, parole, or suspension of sentence; and ordered to pay a fine of $1000. He appeals, arguing that the trial court erred in ordering an indigent defendant to pay a fine of $1000. We find no merit in this assignment of error.
NOPD Officers Haywood Hewitt, Jimmie Slack and William Prat of the Department of Narcotics Enforcement in Public Housing were patrolling on Gibson Street near the St. Bernard Project on May 21, 1990, about 11 P.M. in an unmarked car when they observed the defendant standing on the right side of the street. He was wearing a white undershirt, blue jeans and a base ball cap. The defendant looked at the car and then began to run, turning onto Foy Street. As he ran, he reached into his waistband and pulled out a revolver. The policemen turned the corner in their car and then jumped out to follow him into a building at 1450 Foy Street. Officers Hewitt and Prat ran up the inside stairs and Officer Slack ran to the front of the building. There he saw the defendant in the hallway with the revolver in his right hand. When Slack shouted, “Police — Freeze,” the defendant pointed the gun at him. Slack reached for his gun and, as he pulled it out, it discharged into the ground. The defendant then dropped his weapon, ran up steps to the door of an apartment, and entered. Officer Slack picked up the defendant’s gun, knocked at the apartment door, and when he was not admitted, forced open the *1277 door. Two young women were in the apartment; the defendant was upstairs. As Officers Slack and Prat prepared to force the bathroom door open, the defendant opened it and came out with his hands up. On cross-examination, the officers admitted they had two photographs of the defendant: in one he had on a black shirt and no hat and in the other a white undershirt and a baseball cap. They explained that he had taken a black shirt when he left 1450 Foy Court; he did not have it on for the first picture, but he put it on for the second. One picture was taken at central lockup and the other at the NEPH office, they explained.
There was a stipulation that the defendant had pled guilty to two felony convictions within the past ten years.
Corey Jeluke testified for the defense that he was visiting an aunt in the St. Bernard Project on the evening of May 21, 1990. He heard music in the courtyard and attended a block party going on there. He saw the defendant, his friend, at the block party and saw him leave to go to his girlfriend’s apartment about nine o’clock. After 11 P.M. Jeluke heard a gunshot, and he later saw the defendant being taken to the police car.
Danielle Cooley, a close friend of the defendant’s girlfriend, testified that she was at 1450 Foy Street the night of May 21,1990, when the defendant came in about 9 P.M. She said he sat and watched television in the living room, and then he went upstairs to watch another television. She was in the living room when the police arrived. She said the defendant had stayed inside the apartment all evening.
Bob V. Smith, a detective with Global Investigations and Security, testified that there was no moonlight on the night of May 21, 1990, and that the inside courtyard at the 1450 Foy Court was poorly lighted.
The twenty-one year old defendant testified that in addition to his two felony convictions for possession of cocaine, he had two misdemeanor convictions, one for possession of marijuana and one for possession of a weapon. He described the events of May 21, 1990: he attended the “court jam” in the project before 9 P.M.; then he went to his girlfriend’s house; he watched TV until she ran upstairs to say the police were at the door; he then went into the bathroom, came out and was arrested. The defendant said he wore a black shirt and no hat on May 21, 1990; he said the other picture, the one in the white undershirt, jeans, and baseball cap, was taken at one of his prior arrests. The defendant argues that the trial court erred in ordering an indigent to pay a $1000 fine. Although represented by private counsel at trial and sentencing, the defendant was represented by OIDP on appeal. Appointment of counsel from OIDP establishes indigency. See State v. Williams, 288 So.2d 319 (La.App. 4th Cir.1974); State v. Huffman, 480 So.2d 396 (La.App. 4th Cir.1985). Furthermore, it is well-established that additional jail time cannot be imposed in lieu of court costs or a fine on an indigent defendant. State v. Williams, 489 So.2d 286 (La.App. 4th Cir.1986).
However, the statute controlling the sentence in this case mandates a minimum fine of $1000. LSA-R.S. 14:95.1(B) provides:
Whoever is found guilty of violating the provisions of this Section shall be imprisoned at hard labor for not less than three nor more than ten years without the benefit of probation, parole, or suspension of sentence and be fined not less than one thousand dollars nor more than five thousand dollars.
The defense counsel maintains that the sentence imposed is excessive and, therefore, illegal even though within the statutory limits.
We disagree. The trial court sentenced the defendant to five years in prison and payment of a $1000 fine to run concurrently with the jail term. Court costs were waived due to his indigency. In State v. Williams, 484 So.2d 662 (La.1986), the Supreme Court amended a sentence of a six year term, a fine of $1000 and an additional year imprisonment in default of payment of the fine by deleting only that portion which imposes an additional year in prison in default of payment. The portion imposing the fine was not deleted. In the case at *1278 bar, the trial court did not impose additional jail time in default of payment, and therefore the sentence is legal.
Accordingly, for reasons stated above, the defendant’s conviction and sentence are affirmed.
AFFIRMED.