Ji_PLOTKIN, Judge.
We grant certiorari at the request of the Court en banc, which on its own motion asks this panel to reconcile conflicting opinions of this Court regarding whether a trial judge can decline to impose a mandatory fine when sentencing an indigent defendant.[1] In unpublished decisions, this Court has previously upheld the trial court’s refusal to impose a mandatory fine when the defendant was indigent. See State v. Davis, No. 94-K-2382 (La.App. 4th Cir. 12/13/94); State v. McKinney, No. 94-K-2381 (La.App. 4th Cir. 12/9/94); State v. Washington, No. 92-K-0014 (La.App. 4th Cir. 2/3/92). Pursuant to internal rules of this Court, the Court recognized the inconsistency in its decisions and this case was chosen to bring uniformity to the jurisprudence.
Appellee pleaded guilty to La.R.S. 14:95.1 (Possession of firearm or carrying concealed weapon by a person convicted of certain felonies) and was sentenced to serve three years at hard labor without benefit of parole, probation, or suspension of sentence. The State appeals appellee’s sentence as illegally |2lenient because it does not include a fine. We grant the State’s application to consider whether a trial judge must impose such a fine. Because we conclude that the fine is mandatory under the statute, we grant the State’s request for relief.
*496 An indigent person may not be incarcerated because he fails to pay a fine that is part of his sentence. See State v. Conley, 570 So.2d 1161 (La.1990); see also State v. Berryhill, 562 So.2d 1105, 1111-1112 (La. App. 4th Cir.1990). If incarceration is conditioned upon an indigent person’s failure to pay a fine, the sentence must be amended on appeal to remove incarceration; the fine may be left intact. See, e.g., State v. Monson, 576 So.2d 517, 518 (La.1991). A sentence in which an indigent person is ordered to pay a fine is not unconstitutional, however, as long as the order does not provide for incarceration if the fine is not paid. See State v. Massey, 599 So.2d 889, 892 (La.App. 4th Cir.1992); see also State v. Reed, 598 So.2d 1276, 1277 (La.App. 4th Cir.1992). In such a case, collection of the fine can be pursued by civil process. See La.C.Cr.P. art. 886; see also Conley, supra, at 1161 n. 1.
Appellee was sentenced to serve three years at hard labor without benefit of parole, probation, or suspension of sentence for violation of La.R.S. 14:95.1. Appellee was not fined. According to La.R.S. 14:95.1(B),
Whoever is found guilty of violating the provisions of this Section shall be imprisoned at hard labor for not less than three nor more than ten years without the benefit of probation, parole, or suspension of sentence and be fined not less than one thousand dollars nor more than five thousand dollars.
This Court has often said in dicta that a sentence under this statute that does not include a fine is illegally lenient. See, e.g., State v. Jones, 544 So.2d 1294, 1296 (La.App. 4th Cir.1989). In such cases, the illegally lenient sentence is not disturbed because the prosecution has not properly raised the issue on appeal in accordance with State v. Fraser, 484 So.2d 122 (La.1986). See, e.g., State v. Washington, 591 So.2d 1388, 1390 (La.App. 4th Cir.1991). This view is consistent with other circuits. See, e.g., State v. Vailes, 564 So.2d 778, 783 (La.App.2d Cir.1990); State v. Thomas, 625 So.2d 206, 208 (La.App. 3d Cir.1993).
In some decisions, however, this Court has suggested that the trial judge may have the authority to waive the imposition of a fine under La.R.S. 14:95.1 when the defendant is indigent. See, e.g., State v. Hardy, 622 So.2d 858, 859-60 (La.App. 4th Cir.1993). Because the State has properly presented this issue on appeal, we must now resolve the conflict. The Louisiana Supreme Court, in State v. Booth, 347 So.2d 241 (La.1977), interpreted La.R.S. 14:95.1. In Booth, the Supreme Court held that the fine was mandatory and that the trial judge was without discretion to waive it:
The verb in the first clause of the disputed sentence is “shall be.” The Legislature omitted the “shall” for the second verb and used only “be.” In our opinion, the verb phrase “be fined” refers directly to the proceeding verb phrase “shall be.” With reference to “shall,” the imposition of the fine is mandatory. LSA-C.Cr.P. Art. 5. Moreover, standing alone, we consider the term “be fined” to be mandatory, since it is unqualified.
If we were to construe LSA-R.S. 14:95.1 B as providing for a permissive or optional fine, such a construction would render nugatory the requirement that the fine be at least $1,000. If the trial judge had the discretion as to whether or not to fine a defendant, there would be no reason to place a minimum limit on the fine.
Id. at 244.
We are constrained by Booth, which has not been overruled. We must, therefore, overrule all prior opinions and rulings to the extent that they are inconsistent with this opinion. We grant the State’s application and remand to the trial court for imposition of a fine consistent with this opinion, reserving to the defendant the opportunity to change his guilty plea if the trial court determines that the plea was predicated upon the assurance that no fine would be imposed.

WRIT GRANTED AND CASE REMANDED.

. Pursuant to internal Rule 3, the panel submitted this matter to the court en banc, which voted 11 — 1 to grant the writ and resolve this circuit’s panel conflict.